**In re Joseph E.R. LAPOINTE, Leona Ann Lapointe f/d/b/a Smyrna Inn; Debtor.**

**Bankruptcy No. 3840053.**

United States Bankruptcy Court, W.D. Kentucky.

May 11, 1984.

Dan E. Siebert, Louisville, Ky., for debtor.

Mark H. Shultz, Louisville, Ky., for creditor.

### ORDER

MERRITT S. DEITZ, Jr., Bankruptcy Judge.

The question before us, according to the briefs in a vigorously contested motion, is whether the validity of a properly recorded and perfected real estate mortgage is impaired by a judgment on the related mortgage note, when the judgment makes no reference at all to the mortgage. The answer is probably no, but we need not reach it. For the question presented, according to our research, is the wrong question. A brief explanation is necessary.

Finance America Corporation filed a secured proof of claim in this proceeding, accompanied by the supporting documentation of a copy of the mortgage and proof of recording. The proof of claim is facially valid.

The debtor objects to the proof of claim on the ground that the mortgage had not been properly proven in the prior action on the note; that since the issue should have been, but was not raised, it now stands adjudicated adversely to the mortgagee; and that the doctrine of res judicata precludes our now addressing the question. The parties briefed the substantive point of law without addressing the right of the debtor to raise it.

Now we come to the question. Does a debtor in a no-asset liquidation case have standing to object to the validity of a proof of claim? We hold that he does not.

A long line of cases under the old Bankruptcy Act supports our view. The reason for the rule is explained by the distinguished co-editors of Collier's Bankruptcy Practice Guide:

> Under the Bankruptcy Act, it was held that a debtor in a liquidating bankruptcy did not have standing to file objections to claims unless there was a real possibility of a surplus, and therefore that the objection, if sustained, would redound to the benefit of the debtor. There is no reason to believe that this rule will not be the same under the Bankruptcy Code. *Herzog & King, 3 Collier on Bankruptcy Practice Guide* ¶ 51.04 (citations omitted).

The predictions of Herzog and King have proven correct; see, for example, *Matter of Silverman*, 10 B.R. 734 (Bkrtcy.N.Y.1981). This point of "hornbook law", as the *Silverman* court called it, has been departed from in only one reported case, *In re Brager*, 28 B.R. 966 (Bkrtcy.E.D.Pa.1983). In that case it was held that a debtor did have

standing to object to the validity of a claim, but the court gave no reasons whatsoever for its departure from the majority view. We adopt the contrary, and prevailing, rule.

The Lapointe bankruptcy is a no-asset case. There will be no distribution. Considering that the only "function of a proof of claim or interest in a liquidating bankruptcy case is to enable the holder of a claim to participate in the bankruptcy distribution," 3 Collier, *supra,* ¶ 50.02[2], neither the debtor nor the secured creditor can expect to receive anything, regardless of how the court rules on the matter before it. To that extent, we have here a controversy without meaning.

The question presented by the debtor could have real future meaning in a foreclosure action, but it is literally without substance in the limited bankruptcy context of considering the validity of proofs of claim. Indeed, we perceive that this debtor's objection is really just an effort to further buttress his res judicata defense in anticipation of a foreclosure proceeding. We do not fault that motive, but we cannot allow the bankruptcy court to be used as a gratuitous arsenal of heavy weaponry for state court combatants.

We therefore hold, as we have said, that the debtor in a no-asset liquidation case is not a "party in interest", within the meaning of 11 U.S.C. § 502(a), who may object to a proof of claim. The debtor's objection is accordingly OVERRULED. This is a final order.