**In re Lando DEEL, Betty J. Deel, Debtors.**

**Lando DEEL, et uxor, Plaintiffs,**

v.

**UNITED STATES of America/INTERNAL REVENUE SERVICE, Defendant.**

Bankruptcy No. 7–84–00214–A.
Adv. No. 7–86–0070.

United States Bankruptcy Court,
W.D. Virginia,
Abingdon Division.

Sept. 23, 1986.

Copeland, Molinary & Bieger, Abingdon, Va., for debtor/plaintiffs.

John Perry Alderman, U.S. Atty., Roanoke, Va., and Robert K. Coulter, Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

Robert E. Wick, Jr., Bristol, Va., trustee.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The issue is this Court's jurisdiction to hear the within Complaint.

The Debtors filed in this Court their petition under Chapter 7 and, thereafter, on March 14, 1986, filed the within Complaint seeking a determination of the dischargeability of a tax liability asserted by the Internal Revenue Service ("IRS"). The United States filed a motion to dismiss, as well as an Answer to the Complaint constituting a general denial of the allegations. The motion to dismiss asserts that the Court is without jurisdiction and that the Plaintiffs do not have standing to bring the action. For the reasons hereafter stated, the motion to dismiss is denied and this adversary proceeding shall continue for hearing on the merits.

The Complaint alleges that the Court's jurisdiction is invoked for the purpose of determining the dischargeability of a tax liability in the sum of $18,295.89, constituting taxes and penalties for the tax years 1982, 1983 and 1984 on taxes owed by Virginia Fuels, Inc., a corporation in which the Debtors were owners and alleged responsible officers for the collection and paying over of the corporate taxes due the IRS. Plaintiffs contend that the alleged taxes are not owed and are dischargeable.

The parties filed briefs in support of their respective positions as to the motion to dismiss. The brief of the United States seems to take the position that the Complaint is, in effect, an objection to a claim in this Chapter 7 case, by the Debtors. The Plaintiffs (Debtors) contend that the Complaint is one for a determination of the dischargeability of the IRS tax liability asserted against the Plaintiffs. Indeed, the Complaint seeks a determination of the dischargeability of the debt as to these Plaintiffs, which necessarily requires a determination of the tax liability.

The Government cites as authority for its position 3 *Collier on Bankruptcy*, ¶ 51.04, for the principle that a debtor in a no-asset liquidating Chapter 7 case, as here, does not have standing to challenge the claim of IRS herein. Its brief further cites the case of *In re Lapointe*, 39 B.R. 80 (Bankr.W.D. Ky.1984), in support of its position. The court in *Lapointe* did, in fact, so hold that where a no-asset case is being administered and no distribution of assets is to be made to creditors, the debtor does not have standing to object to a claim. The Court decided the issue as an objection to a claim and does not deal with the dischargeability question.

The *Bankruptcy Reform Act* of 1978 ("the Code"), as amended, 28 U.S.C. § 157, enacted on July 10, 1984 as an amendment to the 1978 Act to cure the jurisdictional defect posed by a recent decision of the Supreme Court of the United States in *Northern Pipeline Construction Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598, 9 B.C.D. 67, 6 C.B.C.2d 785 (1982), contains the procedural direction which the court shall apply. In § 157, there is vested in the Bankruptcy Courts jurisdiction to determine core proceedings. In § 157(b)(2)(B)[1], a core proceeding includes allowance or disallowance of claims, and (2)(I)[2] includes jurisdiction to determine the dischargeability of particular debts. Additionally, 11 U.S.C. § 505[3] vests in this Court jurisdiction to determine tax liability. Further, 28 U.S.C. § 1334[4] clearly vests adequate jurisdiction in this Court to determine the dischargeability of claims, including tax claims.

To implement the statutory terms of the Code, *Federal Rules of Bankruptcy Procedure, Rule* 7001(6), provides for the filing of a Complaint to determine the dischargeability of a debt; *Rule* 4005 provides for the burden of proof; and *Rule* 4007 provides for procedural aspects for making such determination.

The sole issue presently before this Court is the Government's motion to dismiss the Complaint upon jurisdictional grounds and the standing of the Debtors to challenge the Government's assessment.

---

1. **28 U.S.C. § 157.**
   (b)(2) Core proceedings include, but are not limited to—
   (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 [11 USCS §§ 1101, *et seq.,* or 1301, *et seq.* ] but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11 [11 U.S.C.S. §§ 1, *et seq.* ];

2. **28 U.S.C. § 157.**
   (b)(2)(I) determinations as to the dischargeability of particular debts;

3. **11 U.S.C. § 505. Determination of tax liability.**
   (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

4. **28 U.S.C.S. § 1334. Bankruptcy Cases and Proceedings.**
   (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11 [11 U.S.C.S. § 101 *et seq.* ].
   (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 [11 U.S.C.S. § 101, *et seq.* ], or arising in or related to cases under title 11 [11 U.S.C.S. § 101 *et seq.* ].

The merits of the claim and its dischargeability will abide hearing of the facts and circumstances bearing upon the manner in which the tax arose and the liability of these Debtors.

Contrary to the narrow jurisdictional and procedural grant existing under the *Bankruptcy Act* of 1898, as amended, the *Bankruptcy Reform Act* of 1978, as now amended, sought to vest in this Court the power to determine issues arising out of a case for the benefit of the debtor and creditors to the extent possible. Under the Code, this Court's jurisdiction extends further than sequestering, liquidation, and distribution of assets in a Chapter 7 case. It vests in this Court a broad range of jurisdictional grants, including authority to determine dischargeability of asserted claims against debtors. It should not be necessary, except where the requirement clearly exists, for debtors to have to appear in numerous courts in order to seek redress of their rightful remedies where this Court has jurisdiction to resolve those issues in an economical and expeditious manner for the benefit of the parties and to put those issues at rest.

The Court has reviewed the Legislative History following 11 U.S.C. § 523. It is clearly stated that the purpose of this Section, as supplemented by the Rules to be made applicable thereto, is to render decisions upon questions of dischargeability and other issues set forth therein. It is stated that in order to carry out these purposes, 11 U.S.C. § 350 was enacted to provide for the reopening of cases, if necessary, where previously closed, for the purpose of implementing dischargeability questions. In reading the Legislative History, one has no difficulty finding the Congressional intent clearly and broadly stated, vesting in this Court the jurisdiction and power to determine the issue herein.

Accordingly, an Order will be entered overruling the motion to dismiss and providing for a conclusion of the issues on the merits.