**In re John William BYERLY, Debtor.**

**John William BYERLY, Plaintiff,**

v.

**INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 92–90892–7.**
**Adv. Nos. 92–9046, 92–9048.**

United States Bankruptcy Court,
S.D. Indiana,
New Albany Division.

Dec. 17, 1992.

Scott T. Miller, Corydon, IN, for plaintiff.

Steven E. Cole, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant, I.R.S.

## MEMORANDUM

BASIL H. LORCH, III, Bankruptcy Judge.

This matter is before the Court on the MOTION TO DISMISS AND ABSTAIN and the MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AND ABSTAIN which were filed by the Internal Revenue Service on October 26, 1992. The Internal Revenue Service is seeking a dismissal of the COMPLAINT BY DEBTOR TO DETERMINE LIABILITY AND DISCHARGEABILITY OF TAX DEBT which was filed on July 8, 1992. The ANSWER TO MOTION TO DISMISS and the MEMORANDUM IN SUPPORT OF ANSWER [TO MOTION TO DISMISS] were filed by the debtor on November 16, 1992. The DECLARATION OF SALLY A. WRIGHT IN SUPPORT OF MOTION TO DISMISS OR ABSTAIN was filed by the IRS on December 14, 1992.

## FACTS AND PROCEDURAL HISTORY

On April 1, 1991, the IRS assessed federal excise tax against the debtor in the amount of $10,962.47. The tax represented the imposition of Tax on Heavy Trucks and Trailers which are sold at retail for the taxable quarters ending March 31, 1986, and December 31, 1986. 26 U.S.C. § 4051. Plaintiff failed to file the requisite returns.

The debtor filed a Chapter 7 petition on May 28, 1992. The debtor's schedules reflected the existence of no non-exempt assets for distribution to creditors. As of May 28, 1992, the IRS records showed that debtor's excise tax liabilities, penalties and interest totaled $55,383.72. On July 24, 1992, the debtor initiated this adversary proceeding seeking a determination of the tax liability and a determination of the dischargeability of the tax debt.

## DISCUSSION

The Court notes at the outset that it has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; 28 U.S.C. § 157; 11 U.S.C. § 505; 11 U.S.C. § 523; and the Standing Order of the Southern District of Indiana effective since July 11, 1984. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

The IRS seeks dismissal of the adversary proceeding pursuant to Bankruptcy Rule 7012, which makes Federal Rule of Civil Procedure 12 applicable in bankruptcy proceedings. Rule 12(b)(6) provides that a party may move to dismiss an action for failure to state a claim upon which relief may be granted. Rule 12 further provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In the present controversy, the IRS presented items which were not contained in the pleadings. The IRS relied on various IRC provisions as well as Title 26 of the Code of Federal Regulations. Additionally, the IRS filed the DECLARATION OF SALLY A. WRIGHT IN SUPPORT OF MOTION TO DISMISS OR ABSTAIN. This information was not contained in the pleadings. Thus, the Court will treat the matter as one for summary judgment.

Bankruptcy Rule 7056 makes Federal Rule of Civil Procedure 56(c) applicable to adversary proceedings filed in bankruptcy cases. Rule 56(c) provides, in pertinent part:

> **(c) Motion and Proceedings Thereon.** ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

When reviewing a motion for summary judgment, all reasonable inferences are to be resolved in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). In order to survive a motion for summary judgment, the nonmovant need only present evidence from which the factfinder may return a judgment in his favor. *Celotex Corp. v. Cattrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). With the proper standard by which to review a motion for summary judgment established, the motion made by the IRS will be reviewed.

The debtor seeks a determination of both the tax liability and the dischargeability of the debt. Section 523 provides the exceptions to a discharge. Section 523(a)(1) provides that a debtor may not be discharged from any debt:

> (1) for a tax or a customs duty—
>
> (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed;
>
> (B) with respect to which a return, if required—
>
> (i) was not filed; or

(ii) was filed after the date on which such return was last due, under applicable law or under any extension, and after two years before the date of the filing of the petition; or

(C) with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax.

Pursuant to section 4051 and 26 CFR § 48.-6011(a)–1, the taxpayer is required to file tax return 720 to report tax on heavy trucks and trailers sold at retail. The IRS filed the DECLARATION OF SALLY A. WRIGHT IN SUPPORT OF MOTION TO DISMISS OR ABSTAIN. Ms. Wright is an Advisor/Revenue Officer with the Special Procedures Branch of the Internal Revenue Service in Indianapolis, Indiana. Ms. Wright has reviewed the administrative file of the debtor and, based on that review, declares that the debtor failed to file Form 720 for the first and fourth quarters of 1986. In the MEMORANDUM IN SUPPORT OF ANSWER the debtor asserts that "The Plaintiff submits that the dischargeability of the Governments claims are at issue and may and should be determined by the Court and the Court is not required to abstain or to grant the Governments Motion to Dismiss for a failure to file the tax returns in question." Thus, the IRS has established, without rebuttal, that the debtor failed to file the appropriate tax returns. As a result, the Court finds that the tax liability is excepted from discharge.

The IRS also requests that the Court abstain from determining the amount of the debtor's tax liability. Pursuant to section 505,

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction....

The statute provides that the Court may, in its discretion, determine the amount of a tax liability unless the type of tax liability falls within one of the enumerated exceptions. The tax liability at issue does not fall within one of the exceptions. The debtor urges the Court to exercise its discretion while the IRS recommends abstention.

"It has been suggested that the purpose of this proviso was to afford a ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the administration of the bankruptcy estate." 3 *Colliers on Bankruptcy* ¶ 505.01 (footnote omitted).

The Bankruptcy Court for the Southern District of Florida relied on the quotation from *Colliers* and the case of *Cohen v. United States*, 115 F.2d 505 (1st Cir.1940) when it abstained from determining the debtor's tax liability. Specifically, the Court found "[t]hat purpose has no application in this no-asset case involving no parties other than the debtor and the I.R.S." *In re Diez*, 45 B.R. 137, 139 (Bkrtcy. S.D.Fla.1984). *See also In re Millsaps*, 133 B.R. 547 (Bkrtcy.M.D.Fla.1991) (The court should exercise abstention when there are no assets to be distributed and the only parties affected by a determination are the IRS and the debtor); *In re Kaufman*, 115 B.R. 378 (Bkrtcy.S.D.Fla.1990); *In re Smith*, 122 B.R. 130 (Bkrtcy.M.D.Fla.1990) (Abstention appropriate where the impact of abstention is minimal, there is a case pending before the tax court, and there are no funds available for distribution); *In re Hunt*, 95 B.R. 442 (Bkrtcy.N.D.Tex.1989) (Abstention will be exercised in a reorganization case where someone other than the debtor is responsible for the tax liability).

Therefore, after having duly considered the foregoing, as well as the relevant case law, statutory law, and other authority, the Court hereby GRANTS the MOTION TO DISMISS AND ABSTAIN without making a determination of the debtor's tax liability.

IT IS SO ORDERED.