**In re Peter D. FYFE, Debtor.**

**Peter D. FYFE, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 93–73517.**
**Adv. No. 94–6540.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 21, 1995.

Montfort S. Ray, Blairsville, GA, for plaintiff.

Roslyn D. Grand, U.S. Attorney's Office, Atlanta, GA, and Michael N. Wilcove, Tax Div., U.S. Dept. of Justice, Washington, DC, for the Government.

### ORDER DENYING DEFENDANT'S MOTION FOR DISMISSAL AND GRANTING IN PART DEFENDANT'S MOTION FOR ABSTENTION

JAMES E. MASSEY, Bankruptcy Judge.

In this adversary proceeding the Plaintiff, Peter D. Fyfe, seeks a determination of the following: (1) the amount of his federal income tax liability for the years 1983 through 1985; (2) that his debt for federal income taxes for the years 1983 through 1985 is dischargeable in his bankruptcy case; and (3) that the tax lien on his property is invalid for failure of the United States to follow all procedural steps to assess the tax and obtain its lien.

The Defendant, the United States of America, moves for dismissal pursuant to Fed.R.Civ.P. 12(b), incorporated in Fed.R.Bankr.P. 7012 on the grounds that the court lacks jurisdiction to hear and determine the amount of the Debtor's tax liability. The Defendant alternatively moves pursuant to 28 U.S.C. § 1334(c)(1) for the court to abstain from hearing the case, other than determining the dischargeability of the tax liability under 11 U.S.C. § 523.

In response to the motion, the Debtor states that he is ill, unemployed and destitute and that he has decided to amend his schedules to "surrender his residence to his estate." The Debtor posits that "surrender" somehow makes the issues he raises in the complaint appropriate ones for the court to decide, although he simultaneously concedes that there is merit in the Defendant's position.

The Defendant gives several reasons this court should either dismiss the case or abstain. First, the Defendant argues that a redetermination of the Debtor's tax liability would be a wasteful exercise in a no-asset case. No claims to the taxing authority or otherwise will be paid by the estate. Accordingly, the Defendant asserts that the estate would gain no benefit by such a determina-tion, and therefore no bankruptcy purpose would be served.

Second, the Defendant argues that the redetermination of the tax liability is akin to an objection to its claim against the Debtor, but one hasn't been filed.

Third, the Defendant contends that the Plaintiff does not have standing to bring this action and contest its claim, because a reduction or elimination of the tax claim would not result in a surplus of estate funds for the Debtor's benefit.

Finally, the Defendant argues that the Plaintiff has adequate non-bankruptcy remedies at law for addressing the determination of the tax liabilities and the attachment of federal tax liens to his property. The Defendant admits that some of these opportunities may have lapsed, but that this does not diminish the fact that another forum exists solely for the purpose of making these kinds of determinations. The Defendant admits that the tax liabilities for the years 1983 through 1985 are dischargeable.

### DISCUSSION

██ This court has the jurisdiction and authority to hear and determine the amount or legality of tax liability. 11 U.S.C. § 505(a). Such a proceeding is a core matter. *Starnes v. United States (In re Starnes)*, 159 B.R. 748, 749 (Bankr.W.D.N.C. 1993). While the Defendant does not dispute the court's general jurisdiction and power pursuant to section 505(a) to determine tax liabilities, it argues that some bankruptcy purpose must be served for the court to exercise its jurisdiction under section 505(a). The Defendant contends that the policy concerns for the exercise of such authority are not present in this case. For instance, the Defendant argues that the purpose of section 505 is two-fold—to ensure prompt and orderly administration of the estate by authorizing the bankruptcy court to determine tax claims rather than delaying and leaving such determinations for other forums, and to protect a debtor's other creditors from diminution of the estate's assets by a tax claim a financially strapped debtor could not otherwise afford to

contest. *In re Hunt*, 95 B.R. 442, 444 (Bankr.N.D.Tex.1989).

■ The court agrees that the determination of tax liability by a bankruptcy court is discretionary under section 505(a), with the only restraint on bankruptcy court determinations being a previous determination of the amount or legality of the tax liability by a court of competent jurisdiction before the filing of the bankruptcy petition. 11 U.S.C. § 505(a)(2)(A). Hence, abstention from hearing a case pursuant to 28 U.S.C. § 1334(c)(1) is sometimes appropriate. Section 1334(c)(1) refers to abstention "in the interest of justice, or in the interest of comity with State courts or respect for State law...." Since state law is not at issue, the court must determine whether abstention is appropriate in the interest of justice, or whether outright dismissal of the proceeding is warranted.

Some of the factors courts consider when deciding whether to determine tax liability under section 505(a) or to abstain from such a determination include the debtor's assets and debt structure, the need for prompt and orderly administration of the estate, and the delay occasioned by abstention, the burden on the court's docket, the prejudice to the parties, the complexity of the issues presented, and the need to refrain from becoming a second tax court thereby providing an alternate forum to taxpayers who could contest their tax debt in tax court. *In re Starnes*, 159 B.R. at 751; *In re American Motor Club, Inc.*, 139 B.R. 578 (Bankr.E.D.N.Y.1992); *In re Hunt*, 95 B.R. at 445.

The Debtor's suggestion that he will surrender the residence to the estate is perplexing. The residence was property of the estate when the case began. If it has been abandoned by the Trustee, the Debtor cannot give it back.

Most of the reasons advanced by the Defendant for abstaining have no merit. Because the Defendant is a creditor, regardless of whether the claims are dischargeable, the Debtor plainly has standing to object to the Defendant's status as a lien creditor and the court has jurisdiction to consider the objection.

The court does not agree that there is no bankruptcy purpose in dealing with the Debtor's objection. If the claim secured by the lien is invalid but the Debtor has to pay it anyway to save his residence, his opportunity for a fresh start may be inhibited. That is reason enough for invoking this court's protection and its jurisdiction to adjudicate disputes concerning claims. The argument that the Debtor has no interest in the matter because creditors will not get anything is a spurious one. Bankruptcy courts regularly adjudicate disputes concerning lien claims in no-asset cases. The Defendant has cited no statutory provision stating such a rule for good reason; there is none.

In summary, it does not matter whether the estate has an interest in the residence. Nor does it matter that the Defendant has not filed a proof of claim; the Debtor could file one for the IRS, Fed.R.Bank.P. 3004, and then object to it. Nor does it matter that the claim is dischargeable. Nor does it matter that creditors will receive nothing in this case. What matters is that the Debtor has an interest in getting rid of lien claims that he says are invalid because they attach to his property and impair his fresh start.

The Debtor's interest in a fresh start is not the only thing that matters. The real heart of the issue here is what forum the Debtor must use to challenge the Defendant's claim. The Defendant does not contend that the issue of the amount of the claim may not be reviewed because of res judicata or collateral estoppel. It concedes that avenues remain open for the Debtor to challenge the claim. So long as the Debtor can do so without having to pay the tax claim in advance, the Debtor should exhaust all other administrative and legal remedies, because those procedures were designed to deal with the specific issues the Debtor raises. The Debtor has waited too late to start here.

If the Debtor cannot get relief elsewhere without paying the claim, this court will hear the case. Otherwise, the claim would go unchallenged because the Debtor is bankrupt. In that event, the Debtor could not live in the residence without ultimately paying a claim that might be invalid. To avoid paying an invalid claim, he would have to sell

the residence or permit a foreclosure to occur, in which case he would lose the residence. These possible consequences might deny the Debtor a fresh start.

The Debtor has not diligently pursued his objection in the past. He must do so now. If he does not, the court will, upon the Defendant's motion or its own, dismiss the case.

The Defendant agrees that the tax liabilities in question are dischargeable in the Debtor's bankruptcy. They plainly are and the Defendant should be willing to consent to a judgment in that regard. If it does not, the Debtor may make a motion for such a judgment.

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Defendant's motion to dismiss this adversary proceeding is DENIED but its motion for abstention is GRANTED IN PART and this court abstains from determining all counts contained in the complaint, except as to the issue of the dischargeability of 1983–1985 taxes, until such time as the Debtor shows that he has exhausted all administrative and legal remedies to resolve the disputed claim that are available to him without having to first pay the claim. The Debtor has six months within which to make such efforts and to file a report with this court concerning what avenues are open to him and what the Debtor has done to exhaust his other remedies. If the Debtor does not diligently pursue any remaining remedies open to him in accordance with this order, the court will dismiss this case upon a proper motion or its own motion. If the Debtor diligently pursues other avenues to resolve the dispute but those avenues prove to be dead ends in resolving the dispute on the merits or if no other avenue is in fact available for any reason, such as because the Debtor cannot afford to pay the claim in full in order to contest it, this court will hear the dispute.