**In re Michael Gene GOSSMAN, Debtor.**

**Michael Gene GOSSMAN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 95–74414.
Adversary No. 95–6648.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Feb. 19, 1997.

Peter S. Wynkoop, Atlanta, GA, for Plaintiff.

Amy A. Campbell, District Counsel—I.R.S., Atlanta, GA, for Defendant.

### ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

Before the court is a motion by Defendant United States of America, by and through the Internal Revenue Service ("IRS"), for dismissal, or alternatively, abstention, of count two of Plaintiff–Debtor's complaint which seeks a determination of certain tax liabilities. For the following reasons, the motion to abstain is granted.

Plaintiff has two sources of tax liability relevant in the instant case: 1987 personal income tax liability under Internal Revenue Code section 1040 ("income tax") and federal trust fund tax liability under section 6672 ("trust fund").[1] Plaintiff made ten prepeti-

---

1. The Internal Revenue Code requires employers to withhold taxes and social security contribu-

tion payments to IRS, all of which Plaintiff contends should have been credited toward his trust fund liabilities. Specifically, Plaintiff alleges that he made a $10,000 payment to IRS with oral instructions to apply the payment to Plaintiff's trust fund liabilities. Contrary to the alleged oral designation, IRS applied the payment to Plaintiff's income tax liability. IRS contends that even if the oral designation had been made,[2] such designations are invalid unless in writing. If no written designation is made, IRS argues, it has the authority to determine what liability to credit with the payment. Determining which tax liability is credited with the payment is significant because Plaintiff's income tax liability is dischargeable but Plaintiff's trust fund liability is not.[3] A $10,000 payment to Plaintiff's income tax liability would have no effect on Plaintiff's financial situation because Plaintiff's income tax liability is dischargeable. Conversely, Plaintiff's trust fund liability is non-dischargeable; thus, a $10,000 payment would be beneficial in reducing that debt.

The dispute arrived in this court when Plaintiff filed a no-asset chapter 7 petition and the same day filed a complaint against IRS to determine dischargeability and to determine amount of tax. The instant motion concerns the second count of Plaintiff's complaint, which seeks a determination of Plaintiff's liability for his 1987 income tax and trust fund tax. IRS moves for dismissal of count two for lack of standing. Alternatively, IRS moves pursuant to 28 U.S.C. section 1334(c)(1) for abstention from determining Plaintiff's tax liability.

Pursuant to 11 U.S.C. § 505(a), the bankruptcy court has the jurisdiction to determine the amount or legality of a debtor's tax liability. The power of a bankruptcy court to determine a debtor's tax liability under Section 505 is discretionary, "with the only restraint on bankruptcy court determinations being a previous determination of the amount or legality of the tax liability by a court of competent jurisdiction before the filing of the bankruptcy petition." *Fyfe v. United States,* 186 B.R. 290, 292 (Bankr. N.D.Ga.1995) (J. Massey). In determining whether to use its discretion, this court must consider the purposes of section 505.

Two concerns motivated the enactment of § 505. First is the need to "afford a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the administration of the bankruptcy estate." *In re Diez,* 45 B.R. 137, 139 (Bankr.S.D.Fla.1984). Second, "Congress was concerned with protecting creditors from the dissipation of an estate's assets which could result if creditors were bound by a tax judgment which the debtor, due to its ailing financial condition, failed to contest." *In re American Motor Club, Inc.,* 139 B.R. 578, 581 (Bankr.E.D.N.Y.1992). The twin purposes of 505 have been analyzed using the following nonexhaustive factors:

1. The need to administer the bankruptcy case in an orderly efficient manner;
2. The complexity of the tax issues to be decided;
3. The burden on the bankruptcy court's docket;
4. The length of time required for trial and decision;
5. The asset and liability structure of the debtor;
6. Potential prejudice to the debtor and the taxing authority.

*Fyfe,* 186 B.R. 290; *Wood v. United States,* 1994 WL 759753, 75 A.F.T.R.2d 95–422 (Bankr.N.D.Ga.1994) (J. Brizendine); *In re Beisel,* 195 B.R. 378 (Bankr.S.D.Ohio 1996); *American Motor Club,* 139 B.R. 578; *In re*

---

tions from their employee's pay checks. The money withheld is commonly referred to as "trust fund taxes." If the employer fails to pay over the trust fund taxes, IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax, i.e. "responsible persons." In the instant case, Plaintiff's trust fund liability arises from his position as a "responsible person" of Productivity Improvement, Inc. Because Productivity Improvement has failed to pay over some trust fund taxes, Plaintiff is liable.

**2.** IRS does not concede that an oral designation was ever given by Plaintiff.

**3.** IRS concedes that Plaintiff's 1987 income tax liability is dischargeable.

*Hunt*, 95 B.R. 442 (Bankr.N.D.Tex.1989). In evaluating these factors, bankruptcy courts have considered, among other things, whether a bankruptcy purpose would be served and whether an alternative forum for the dispute exists. *Wood*, 1994 WL 759753; *Thornton v. United States*, 1995 WL 442192, 76 A.F.T.R.2d 95–5641 (Bankr.M.D.Ga.1995); *In re Kaufman*, 115 B.R. 378 (Bankr.S.D.Fla. 1990); *Diez*, 45 B.R. 137; *In re Shapiro*, 188 B.R. 140 (Bankr.E.D.Pa.1995).

■ Bankruptcy courts generally abstain from determining tax liability in no-asset chapter 7 cases and the courts in this district are no exception. *Fyfe*, 186 B.R. 290; *Wood*, 1994 WL 759753. *See also, Millsaps v. United States*, 133 B.R. 547 (Bankr.M.D.Fla. 1991); *Diez*, 45 B.R. 137; *Byerly v. Internal Revenue Service*, 154 B.R. 718, 720 (Bankr. S.D.Ind.1992); *Cain v. United States*, 142 B.R. 785 (Bankr.W.D.Tex.1992). *But see, D'Alessio v. I.R.S.*, 181 B.R. 756 (Bankr. S.D.N.Y.1995); *Deel v. United States*, 65 B.R. 230 (Bankr.W.D.Va.1984).

In the instant case, the twin purposes of section 505 would be best served by abstaining from determining the amount of Plaintiff's tax liabilities. The tax liabilities at issue include dischargeable income tax liability and non-dischargeable trust fund tax liability. In a no-asset Chapter 7 case, a determination of the dischargeable income tax liability is without a bankruptcy purpose. Because no payments will be made to IRS or any other unsecured creditors, a determination of Debtor's tax liability can neither enlarge nor reduce the distribution to other creditors nor affect the estate in any way. A determination of the dischargeable income tax liability would serve no bankruptcy purpose but would only extend litigation and sap judicial resources.

Similarly, determination of Plaintiff's non-dischargeable trust fund tax liability would delay administration of Plaintiff's bankruptcy estate and be contrary to the purposes of § 505. *Wood*, 1994 WL 759753. *See also, Queen v. United States*, 148 B.R. 256, 259 (S.D.W.Va.1992), *aff'd*, 16 F.3d 411 (4th Cir. 1994). Setting the amount of trust fund tax liability would be of no use to the administration of this bankruptcy estate and continued litigation would delay closing the estate's administration. *Beisel*, 195 B.R. 378. Additionally, Congress' purposes in enacting § 505 would not be advanced. First, fixing the amount of the Plaintiff's tax liability in a nonbankruptcy forum would do nothing to delay the conclusion of the bankruptcy estate because the outcome would have no impact on the bankruptcy case. *Diez*, 45 B.R. 137; *Thornton*, 1995 WL 442192. Second, dissipation of an estate's assets is not a concern in a no-asset case. Congress had no intention for a bankruptcy court to make tax determinations when the outcome of the determinations would not impact the administration of the bankruptcy case. *Williams v. United States*, 190 B.R. 225, 228 (Bankr.W.D.Penn.1995).

In a similar no-asset chapter 7 case, the bankruptcy court in *Ferguson v. Commissioner* abstained from determining debtor's tax liability, holding that the two purposes of § 505 were not served. 1993 WL 659172, 73 A.F.T.R.2d 94–818 (Bankr.W.D.Va.1993). First, the court determined that the interests of the other creditors would not be served because it was a no-asset case and, regardless of the determination, creditors would receive no distribution from the estate. Second, the *Ferguson* court held that a determination would be contrary to the stated legislative intent because it would only delay administration of the bankruptcy estate. The facts of the instant case are substantially similar to those in *Ferguson*.

■ The complexity of the tax question in the instant case further suggests abstention is appropriate. The court in *D'Alessio* denied a motion to abstain in a chapter 7 no-asset case, holding that the tax issue in that case amounted to "nothing more than a simple accounting exercise." 181 B.R. 756, 761. The tax issue in the instant case is more than a simple accounting exercise. The issue is more complex and goes to substantive tax law questions which can be more appropriately addressed in a nonbankruptcy forum. *Beisel*, 195 B.R. 378. Bankruptcy courts do not and should not constitute a "second tax court system." *American Motor Club*, 139 B.R. 578, 584.

Plaintiff's access to alternative administrative and legal remedies also counsels for abstention. *Millsaps*, 133 B.R. 547. Plaintiff argues that a determination of his tax

liability would benefit his fresh start. The court in *Fyfe* accepted that Plaintiff's fresh start would be benefitted but nevertheless abstained because the Plaintiff had not exhausted his other administrative and legal remedies. 186 B.R. 290. Plaintiff in this case similarly has failed to exhaust all his administrative and legal remedies. Accordingly, it is hereby

ORDERED that Defendant's motion for abstention is GRANTED. This court abstains from determining the amount of Plaintiff's tax liabilities. Defendant's motion to dismiss is DENIED as unnecessary.