In re Matthew D. COOK, Debtor.

Matthew D. Cook, Plaintiff,

v.

Internal Revenue Service, Defendant.

Bankruptcy No. 98–21868.
Adversary No. 98–2089.

United States Bankruptcy Court,
D. Connecticut.

Feb. 8, 1999.

Arthur D. Machado, Windsor, CT, for debtor-plaintiff.

Philip J. Berkowitz, Trial Attorney—Tax Division, United States Department of Justice, Washington, D.C., for defendant.

*RULING ON DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTER-NATIVE, FOR ABSTENTION*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

I.

*ISSUE*

Matthew D. Cook ("the debtor"), pursuant to Bankruptcy Code § 523(a)(1)(A) [1],

1. Section 523(a)(*l*)(A) provides, in relevant part:
   A discharge ... does not discharge an individual debtor from any debt—

   (1) for a tax or customs duty—
   (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title,

on June 17, 1998, filed a complaint in his Chapter 7 case to determine the dischargeability of a debt to the Internal Revenue Service ("the defendant"). On November 12, 1998, the defendant filed a pleading entitled, "Motion to Dismiss, Or In The Alternative, For Abstention" ("the Motion"). The defendant sought dismissal pursuant to Fed.R.Civ.P. 12(b)(1)[2], made applicable in bankruptcy proceedings by Fed.R.Bankr.P. 7012(b), alleging that this court lacks "subject matter jurisdiction." (Motion at I). In the alternative, the defendant requests this court "to abstain from deciding the case, as it lacks a bankruptcy purpose." Id.[3]

## II.

### THE COMPLAINT

The debtor's complaint contains the following allegations. The debtor was an employee of a payroll service corporation ("the service corporation") which issued the payroll checks and handled the trustee (i.e., employee withholding taxes) taxes for its client companies. When the client companies failed to forward funds to the service corporation sufficient to meet their obligations, they instructed the service corporation to use the available funds to cover the amounts owed to their employees and to "ignore the trustee taxes owed" by the client companies to the defendant. (Complaint at ¶ 4.) The defendant subsequently assessed, among others, the debtor for the unpaid withholding taxes. The debtor, who had the authority to sign checks for the service corporation, but not to decide which checks to issue, claims that the unpaid

taxes are the responsibility of the client companies, and that he was wrongly assessed. He requests that the court determine that he is not responsible for the debt which the defendant asserts is nondischargeable.

The defendant has neither submitted additional facts by way of affidavit nor requested an evidentiary hearing on either of the matters asserted in the Motion. The court, accordingly, is limited to the complaint for the factual background.

## III.

### DISCUSSION

#### A. Subject Matter Jurisdiction

■  Section 523(a)(1)(A) states that a discharge does not discharge § 507(a)(8)(C) taxes. Such taxes are those "required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C.A. § 507(a)(8)(C). The defendant claims that the tax assessed against the debtor is nondischargeable as a matter of law. A determination that a tax is nondischargeable obviously requires proof from the defendant that the debtor is liable for its payment. The debtor in his complaint denies responsibility for the tax. No court has made such a determination, and the defendant's position is not binding on this court. The debt is not nondischargeable as a matter of law, as the defendant claims.

■  More to the point, Congress, in 28 U.S.C.A. § 157(b)(1)[4], specifically granted

---

whether or not a claim for such tax was filed or allowed;
11 U.S.C.A. § 523(a)(1)(A). The complaint incorrectly refers to § 523(b), but it is clear that the debtor filed the complaint pursuant to § 523(a)(1)(A).

**2.** Rule 12(b) provides, in relevant part, that "the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter." Fed.R.Civ.P. 12(b). This means that the court has no authority to hear the complaint. For purposes of a motion to dismiss under Rule 12(b)(1), the allegations of the complaint are assumed to be true. Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088 (2d Cir.1995) ("Because the Complaint was dismissed on motion pursuant to Fed.R.Civ.P. 12(b)(1), we accept as true all of the allegations

of the Complaint and construe them in Hirsch's [plaintiff's] favor.").

**3.** The defendant, on July 28, 1998, filed an answer to the complaint asserting as defenses that the debtor failed to properly identify the defendant as the United States of America, the Internal Revenue Service not being a suable entity; and that the defendant has not been properly served pursuant to Fed.R.Bankr.P. 7004(b)(4). The defendant omits both of these grounds in the Motion.

**4.** 28 U.S.C.A. § 157(b)(1) provides, in relevant part:

(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in

subject matter jurisdiction to bankruptcy judges to hear and determine core proceedings, and in § 157(b)(2)[5] Congress defined core proceedings to include "determinations as to the dischargeability of particular debts." The defendant's assertion that the debtor's complaint does not constitute a core proceeding is clearly wrong. The defendant's further contention, that if the bankruptcy court hears the debtor's complaint it will raise an issue of "Constitutional dimension", (Defendant's Brief at 3), is unsupported and is overruled. The primary decisional authority on which the defendant relies, *Ronning v. United States*, 82 A.F.T.R.2d (R.I.A.) ¶ 98–6020 (Bankr.N.D.Ill.1998), is inapposite inasmuch as the dischargeability of the debt was not at issue.

### B. *Abstention*

28 U.S.C.A. § 1334(c)(*l*) provides: "Nothing in this section prevents a [bankruptcy] court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11." The defendant's alternate argument is that the court should abstain from deciding the debtor's complaint because "in the case of a nondischargeable tax, a debtor contesting liability could file a petition in Tax Court or a refund suit in District Court." (Defendant's Brief at 4, 5.)

 The defendant's argument primarily rests on its contention that the debtor is "liable for indisputably nondischargeable taxes." (Defendant's Brief at 4.) As previously noted, there is nothing in the complaint that concedes the debtor is liable for the tax the defendant assessed against the debtor. The defendant has not adequately explained how, on the record before the court, its contentions come within the purview of any of § 1334(c)(1)'s provisions. The rulings which the defendant cites[6] either are not nondis-

chargeability proceedings or contain factors not a part of the instant record.

### IV.

### *CONCLUSION*

The court concludes that the court clearly has subject matter jurisdiction over this dischargeability proceeding. In addition, the court declines to abstain from hearing and deciding the debtor's complaint.

The defendant's Motion is hereby denied in its entirety, and it is

SO ORDERED.

---

a case under title 11 ... and may enter appropriate orders and judgments, subject to review under section 158 of this title.
28 U.S.C.A. § 157(b)(1).

**5.** 28 U.S.C.A. § 157(b)(2) provides, in relevant part, "Core proceedings include, but are not limited to ... (I) determinations as to the discharge-

ability of particular debts." 28 U.S.C.A. § 157(b)(2).

**6.** *Queen v. United States (In re Queen )*, 148 B.R. 256 (S.D.W.Va.1992); *Gossman v. United States (In re Gossman )*, 206 B.R. 264 (Bankr.N.D.Ga. 1997); *Kaufman v. United States (In re Kaufman )*, 115 B.R. 378 (Bankr.S.D.Fla.1990).