**In re Matthew David COOK, Debtor.**

**The United States, Movant,**

v.

**Matthew D. Cook, Debtor–Respondent.**

**Bankruptcy No. 98–21868.**

United States Bankruptcy Court,
D. Connecticut.

March 25, 1999.

---

4. The objection in each case simply took issue with the representation that the Debtors'

bankruptcy petitions were filed at the eve of trial of parallel state court cases.

Arthur D. Machado, Windsor, CT, for Debtor.

Glen J. Melcher, Trial Attorney–Tax Division, U.S. Department of Justice, Washington, DC, for Movant.

*RULING ON MOTION OF UNITED STATES TO LIFT AUTOMATIC STAY TO COMMENCE DISTRICT COURT ACTION*

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

### I.

Matthew D. Cook ("the debtor"), the debtor in this Chapter 7 case, filed a complaint pursuant to Bankruptcy Code

§ 523(a)(1)(A) [1] to determine the dischargeability of an alleged debt to the United States ("the movant"). This court, on February 8, 1999, denied the movant's initial motion (1) to dismiss the complaint for lack of subject matter jurisdiction or (2) for the court to abstain "in the interest of justice" under 28 U.S.C. § 1334(c)(1). The court concluded that the movant failed to establish a basis for either of the reliefs requested. *See Cook v. Internal Revenue Service (In re Cook)*, 230 B.R. 475 (Bankr. D.Conn.1999).

The movant has now filed the instant motion requesting that the court modify the automatic stay imposed by Bankruptcy Code § 362(a)(1).[2] The basis proffered in the motion is "to enable the United States to commence a district court action against [the] debtor and another individual who were assessed a 100 percent penalty by the Internal Revenue Service in connection with the unpaid employment tax liabilities of Strictly Business, Inc. for the employment tax period ended July 1, 1990 through March 31, 1991, and in connection with the unpaid employment tax liabilities of Darthill Manufacturing Co., Inc." (Movant's Motion at 1.) The debtor objects to the relief requested contending that the debtor "has chosen his forum to have [the disputed tax issue] decided, and the court has ample jurisdiction." (Debtor's Objection at 2.)

## II.

The debtor's complaint contains the following allegations. The debtor was an employee of a payroll service corporation ("the service corporation") which issued the payroll checks and handled the trustee (i.e., employee withholding taxes) taxes for its client companies. When the client companies failed to forward funds to the service corporation sufficient to meet their obligations, they instructed the service corporation to use the available funds to cover the amounts owed to their employees and to "ignore the trustee taxes owed" by the client companies to the movant. (Complaint at ¶ 4.) The movant subsequently assessed, among others, the debtor for the unpaid withholding taxes. The debtor, who had the authority to sign checks for the service corporation, but not to decide which checks to issue, claims that the unpaid taxes are the responsibility of the client companies, and that he was wrongly assessed. He requests that the court determine that he is not responsible for the debt which the movant asserts is nondischargeable.

The movant, as with its initial motion, has neither submitted additional facts by way of affidavit nor chosen to present evidence at the time of the hearing on the motion. The court, accordingly, is limited to the complaint and the motion for the asserted factual background.

## III.

■ The United States Court of Appeals for the Second Circuit in *Sonnax Industries, Inc. v. Tri Component Products Corp.*, 907 F.2d 1280, 1286 (2nd Cir. 1990), referenced 12 factors "to be

---

1. Section 523(a)(1)(A) provides, in relevant part:

    A discharge ... does not discharge an individual debtor from any debt—
    (1) for a tax or customs duty—
    (A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed ....
    11 U.S.C. § 523(a)(1)(A). The complaint incorrectly refers to § 523(b), but it is clear that the debtor filed the complaint pursuant to § 523(a)(1)(A).

2. Section 362(a)(1) provides, in pertinent part, that the filing of a bankruptcy petition "operates as a stay applicable to all entities of—
    (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title...."
    11 U.S.C. § 362(a)(1).

weighed in deciding whether litigation should be permitted to continue in another forum." These factors are: "(1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms." *Id.*

■ "Not all of these factors will be relevant in every case." *Mazzeo v. Lenhart* (*In re Mazzeo*), 167 F.3d 139, 143 (2nd Cir.1999). The movant argues that *Sonnax* factors Nos. (1), (6), (7), (10) and (12) are the pertinent factors in this case.

### IV.

■ Movant's counsel, at the hearing on the motion, advised the court that if its motion were granted, the movant could not bring the proposed joint action against the debtor and the other "individual" in Connecticut because the "individual" was a Massachusetts resident and not suable in Connecticut. Movant's counsel further stated that the proposed joint action would be brought in Massachusetts and the movant was confident about acquiring personal jurisdiction over the debtor in Massachusetts.

### V.

■ Under the additional circumstances outlined in the preceding section, the court concludes that *Sonnax* factor No. (12) is dispositive in this proceeding. Requiring the debtor to go out of state to defend his position and forcing him (probably) to retain new counsel, makes the factor of the impact on the debtor and the balance of harms go decidedly in favor of the debtor. The court does not know when the movant first asserted the debtor's tax liability, but apparently it was many years ago based on the motion's allegations. The movant had more than adequate time to take action to litigate the debtor's liability prior to the debtor's bankruptcy filing. *Sonnax*, strictly speaking, suggests standards for granting relief from stay only for litigation *pending prior* to the filing of the bankruptcy petition. A movant's previous inaction is a consideration to be taken into account under *Sonnax* factor No. (10). The movant concedes that while it may be more convenient for it to bring only one action, obtaining a judgment against each taxpayer is not dependent upon both being made parties in the same action. The considerations of *Sonnax* factors Nos. (1) and (6) are of relatively minor significance, since the issue raised can be resolved completely in the adversary proceeding brought by the debtor without affecting the rights of third parties. The court agrees with the movant that under *Sonnax* factor No. (7), the litigation between it and the debtor in another forum would not prejudice the interests of the debtor's other creditors, since it appears that there will be no distribution to creditors in the debtor's estate.

### VI.

### CONCLUSION

■ Section 362(d)(1) authorizes the court to grant relief from stay of a judicial proceeding for "cause" with the decision of whether to modify the stay committed to the discretion of the court. The "inquiry called for by motions to lift the automatic

stay are very fact-specific...." *Sonnax,* 907 F.2d at 1288. The court concludes, after balancing the relevant considerations, that the hardship inflicted on the debtor to defend in another state, in an action not yet commenced, the issue of his liability or nonliability to the movant outweighs the movant's understandable desire to litigate in one forum with all potentially liable parties.

The movant's motion to modify the automatic stay must be, and hereby is, denied. This conclusion makes it unnecessary for the court to consider the movant's additional request to stay the pending complaint brought by the debtor against the movant. It is

SO ORDERED.