In re HERMAN HASSINGER, INC. a/k/a Herman Hassinger Woodworking Co., a/k/a Action Lighting Products, Debtor.

Fred ZIMMERMAN, Trustee, Plaintiff,

v.

BOWERSOX PRECISION CASTING, INC., Defendant.

Bankruptcy No. 74–677G.

United States Bankruptcy Court, E. D. Pennsylvania.

Sept. 10, 1982.

Lawrence J. Lichtenstein, Sklar, Lichtenstein & Sklar, P.C., Philadelphia, Pa., for plaintiff, Fred Zimmerman, trustee.

Stanley R. Kotzen, Levy & Surrick, Media, Pa., for defendant, Bowersox Precision Casting, Inc.

Adelman, Lavine, Krasny, Gold & Levin, Philadelphia, Pa., for Creditors' Committee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue at bench is whether we have jurisdiction under the Bankruptcy Act to permit the trustee to amend his original complaint against the defendant compelling the turnover of certain equipment presently in the defendant's possession. We conclude that we do have jurisdiction over the instant controversy because the defendant failed to make a timely objection to our jurisdiction and thereby consented to such jurisdiction.

The facts of the instant case are as follows [1]: On August 14, 1974, Herman Hassinger, Inc. ("the debtor") filed a petition under chapter XI of the Bankruptcy Act ("the Act").[2] Some time prior thereto, the debtor (for reasons disputed and therefore to be determined at the trial of this case) transferred four (4) dies to the defendant, Bowersox Precision Casting, Inc. ("Bowersox"). On July 8, 1981, the trustee sold all

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Although the Bankruptcy Act has been superseded by the Bankruptcy Code as of October 1, 1979, the provisions of the Act still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub. L. No. 95–598, § 403, 92 Stat. 2683 (1978).

of the tools and dies of the debtor to Perkasie Industries Corporation ("Perkasie"), including the four dies mentioned above. There is no dispute that, at the time of the trustee's sale, the aforesaid dies were in the actual possession of Bowersox. Furthermore, the dies still remain in Bowersox's possession. Consequently, the trustee has been unable to fulfill his obligation to Perkasie arising from the July 8 sale.

On December 1, 1981, the trustee filed a complaint against Bowersox to compel the turnover of the four dies. On February 8, 1982, Bowersox filed an answer to the trustee's complaint in which it alleged that it had a possessory interest and lien in the said dies as security for the payment of labor and material it had provided to the debtor and that, as a consequence, the trustee was not entitled to the possession of the dies.

Subsequent to the filing of the above-mentioned complaint and answer, Perkasie asserted a claim against the trustee seeking damages, as an administrative expense, arising out of the trustee's failure to deliver the four dies to Perkasie as agreed pursuant to the July 8 sale. As a result, the trustee then sought leave to amend its original complaint against Bowersox to include a second count for any damages for which the trustee might, as a result of Bowersox's alleged failure to return the dies in question, become liable to Perkasie. On March 19, 1982, Bowersox filed a motion to dismiss the trustee's amendment, contending that we lacked jurisdiction to determine the trustee's complaint to compel turnover of the aforementioned dies. We conclude that that objection is untimely.

■ It is well-settled that, under the Bankruptcy Act, the bankruptcy court only has jurisdiction to summarily adjudicate all rights and claims pertaining to controversies concerning property in the actual or constructive possession of the bankrupt. *See* 2 *Collier on Bankruptcy* ¶ 23.04[2] at 453 n. 11 (14th ed. 1976) and the cases cited therein. Collier points out that:

There is hardly any question of law better settled than that ... a court of bankruptcy has no jurisdiction, without the consent of the adverse claimant, to hear and adjudicate in a summary proceeding a controversy as to title of or claims upon property held adversely to the bankrupt estate, where such property came into the claimant's possession prior to bankruptcy.

■ However, Bowersox committed a flagrant procedural error by failing to file its objection to this court's jurisdiction when it filed its original answer to the trustee's original complaint. Rule 915(a) of the Rules of Bankruptcy Procedure [3] provides:

(a) Waiver of Objection to Jurisdiction. Except as provided in Rule 112 and subject to Rule 928, a party waives objection to jurisdiction of an adversary proceeding or a contested matter and thereby consents to such jurisdiction if he does not make objection by a timely motion or answer, whichever is first served.

*See Rules of Bankruptcy Procedure,* Rule 915(a), 11 U.S.C. [4]

Bowersox first filed an answer to the trustee's complaint to compel turnover. That answer, which was filed before Bowersox's present motion to dismiss for lack of jurisdiction, contained no objection to our jurisdiction. Instead, Bowersox asked, in its answer, that we determine that the trustee was not entitled to the possession of the dies or, alternatively, that we provide adequate protection of its interest in said dies. Consequently, since Bowersox failed to object properly to our jurisdiction at its first opportunity,—namely, when it filed its

---

**3.** Rule 915(a) clearly applies where the trustee has instituted a proceeding to recover property from an adverse claimant. *See Collier on Bankruptcy* ¶ 23.08[4] at 546 (14th ed. 1976).

**4.** "The premise of subdivision (a) is that a party to any controversy being litigated in the bankruptcy court must object to the court's jurisdiction at the first opportunity in order to avoid being deemed to have consented thereto."

*See Advisory Committee's Note, Rules of Bankruptcy Procedure,* Rule 915(a), 11 U.S.C.

answer to the trustee's original complaint, —we conclude that it thereby consented to our jurisdiction over the instant controversy.

Accordingly, we will deny Bowersox's motion to dismiss the trustee's motion to file an amended complaint.