**In the Matter of FONTAINEBLEAU HOTEL CORP., Bankrupt.**

**Bankruptcy No. 77–433–BK–CF–TCB.**

United States Bankruptcy Court, S.D. Florida.

April 18, 1983.

Richard Freidman, Miami, Fla., for Ben Novack.

Lawrence M. Schantz, Miami, Fla., for trustee.

Robert E. Frank, Miami, Fla., for creditor.

## ORDER DENYING REHEARING

THOMAS C. BRITTON, Bankruptcy Judge.

Karen-Richard Beauty Salon, Inc., a creditor, has moved (C.P. No. 1451) for rehearing of the Order Reconsidering Claim of Karen-Richard Beauty Salon, Inc., (C.P. No. 1450) entered March 23, 1983. The motion was heard on April 18.

The order of March 23 revisited an Order Authorizing Certain Distribution (C.P. No. 1410) entered October 4, 1982. The earlier order, submitted by the trustee, had allowed this creditor's claim in the full amount asserted, $15,000, without contest.

The order of March 23 sustained an objection filed by the debtor to this claim 55 days after the Order Authorizing Certain Distribution (C.P. No. 1410).

The thrust of this creditor's motion is that the Order Authorizing Certain Distributions became final ten days after its entry and, for that reason, could not be recon-

sidered under B.R. 923. Nor could it be reconsidered under B.R. 924, because none of the equitable grounds for relief from a judgment or order specified in that Rule, mistake, fraud, newly discovered evidence, etc., were alleged in the debtor's motion filed nearly two months after the earlier order.

The creditor, I believe, misreads the applicable rules. A claim may be objected to at any time. There is literally no time limit. B.R. 306(c). An order allowing a claim *without contest* may also be reconsidered at *any reasonable time.* B.R. 307.

> "An order of allowance or disallowance, whether contested or not, may be the subject of a motion for reconsideration. The only difference is that, in the absence of a contest, the motion for reconsideration must be made within a reasonable time, and is not precluded by the expiration of one year from the entry of the order." 12 *Collier on Bankruptcy* (14th ed.) ¶ 307.04[1](5)

B.R. 923, which provides a ten day deadline for motions for new trial or rehearing, has no application to the reconsideration of an order allowing a claim. As stated in the Advisory Committee's Note:

> "This rule resolves the doubts as to the applicability of the rule in bankruptcy, but it does not restrict the discretion vested in the court by Rule 307 to reconsider an order allowing or disallowing a claim."

Similarly, B.R. 924, which provides for relief from judgments or orders upon equitable grounds, is not applicable to the reconsideration of orders allowing and disallowing claims. As stated in the Advisory Committee Note:

> "Reconsideration of orders allowing and disallowing claims is governed by Rule 307."

In this instance, the assets on hand are more than sufficient to pay all administrative expenses and all claims in full and the surplus is refundable to the debtor. For that reason, the debtor is the real party in interest in protecting the estate against claims at this time. The trustee had no interest in opposing this claim and never did so. The debtor was not a party to the negotiations or the entry of this uncontested order allowing the claim in full. The debtor's motion was filed within a reasonable time thereafter and, following a hearing, I found that there was no present basis for this claim against this estate.

The creditor's motion for rehearing is denied.