**In re HERMAN HASSINGER, INC. a/k/a Herman Hassinger Woodworking Co. a/k/a Action Lighting Products, Bankrupt.**

**Fred ZIMMERMAN, Trustee, Plaintiff,**

v.

**BOWERSOX PRECISION CASTING, INC., Defendant.**

**PERKASIE INDUSTRIES CORP., Plaintiff,**

v.

**Fred ZIMMERMAN, Trustee, Defendant,**

v.

**BOWERSOX PRECISION CASTING, INC., Third Party Defendant.**

**Bankruptcy No. 74-677G.**

United States Bankruptcy Court, E.D. Pennsylvania.

Aug. 24, 1984.

---

**3.** Effective July 1, 1984, Rule 3030 was amended to replace "assumpsit" with "civil action."

Lawrence J. Lichtenstein, Carl S. Primavera, Mesirov, Gelman, Jaffe, Cramer & Jamieson, Philadelphia, Pa., for trustee/plaintiff/defendant, Fred Zimmerman.

Stanley R. Kotzen, Levy & Surrick, Media, Pa., for defendant, Bowersox Precision Casting, Inc.

Don P. Foster, Robert Lapowsky, Rubin, Quinn & Moss, Philadelphia, Pa., for plaintiff, Perkasie Industries Corp.

Fred Zimmerman, Pennsauken, N.J., trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge.

The question we must ultimately decide in the case before us is whether we should direct a creditor to turn over property to the estate. Prior to resolving this dispute we necessarily address, *inter alia*, questions of the scope of our summary jurisdiction, the statute of limitations and the allowability of damages. For the reasons expressed herein we will enter an order directing the turnover of the property in question.

The facts of this case are as follows:[1] In 1974, the bankrupt filed a petition for an arrangement of its debts under chapter XI of the Bankruptcy Act of 1898, although it was not adjudicated a bankrupt until May 29, 1981. Several years prior to the filing of the petition the bankrupt purchased three dies and delivered possession of them to Bowersox Precision Casting, Inc. ("Bowersox"). Under an oral agreement the parties utilized a practice common to the fluorescent lighting fixture industry by which Bowersox used the dies to make metal castings which the bankrupt would use in assembling fluorescent light fixtures. Although Bowersox was not in the business of maintaining or repairing dies, it performed these ancillary duties, the cost of which was considered as part of Bowersox' overhead. Bowersox failed to prove that it and the bankrupt intended that Bowersox would have a security interest in the dies or that an industry wide custom provided that a security interest existed.

Several weeks after adjudication, the trustee sold the three dies to Perkasie Industries Corp. ("Perkasie"). When Perkasie informed Bowersox of the purchase of the dies, Bowersox refused to deliver possession of them until the bankrupt's outstanding credit balance was satisfied. Within a year after the bankrupt's adjudication the trustee instituted suit against Bowersox to compel turnover of the dies.

Approximately two and one-half years after adjudication, Perkasie filed suit against the trustee in a breach of contract action for the trustee's failure to deliver the dies. In response, the trustee filed a third party complaint against Bowersox seeking indemnity or contribution.

█ In the action commenced by Perkasie, Bowersox, as the third party defendant, asserts that we have no jurisdiction under the Act to hear the dispute before us. We previously resolved this issue in our opinion and order of September 10, 1982, when we granted the trustee's motion to amend its complaint against Bowersox notwithstanding the latter's opposition to such relief on the basis of a lack of jurisdiction. 22 B.R. 948. In that opinion we held that Bowersox had consented to our jurisdiction under the Act by failing to raise a timely objection. § 23 of the Act, former 11 U.S.C. § 46; Bankruptcy Rule 915; 22 B.R. 948. As stated in a learned treatise on the Act, "Once consent to the summary jurisdiction of the bankruptcy court appears, that jurisdiction generally will be retained for the determination of all the claims of the parties and for the enforcement of all their rights against each other." 2 *Collier on Bankruptcy* § 23.08, p. 536 (14th ed. 1976). Thus, we find Bowersox' objection to our jurisdiction without merit.

█ The second point urged by Bowersox is that the determination of the controversy at bench is barred by the statute of limitations. More particularly, it asserts that Perkasie was required to commence legal action within two years after its cause of action arose and in support of that position it cites § 11 of the Act (former 11 U.S.C. § 29) and 42 Pa.Cons.Stat. § 5524. Bowersox contends that these statutes bar the filing of Perkasie's complaint for turnover against Bowersox since the action was instituted more than two years after the execution of the trustee's contract with

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Perkasie for the sale of the dies. In actuality, Perkasie has not filed a complaint for turnover against Bowersox, although it has commenced what is essentially a breach of contract action against the trustee. The applicable statute of limitations for such a suit is six years, and thus Perkasie's action against the trustee appears timely. Nonetheless, the trustee's third party complaint against Bowersox is not based on a breach of contract but sounds in tort and thus would be barred by the applicable two year statute of limitations. Consequently, the third party complaint was not timely filed and we will dismiss it. But at best, this constitutes a hollow victory for Bowersox since the trustee did institute a timely suit against it, seeking essentially the same relief in the other adversary action which we are here adjudicating.

■ As its third point of contention, Bowersox asserts that it has a possessory lien in the dies through express agreement of the parties as well as through the custom of the trade. Notwithstanding the Uniform Commercial Code, Pennsylvania common law establishes the existence of certain possessory liens. These "liens are fundamentally consensual in nature, arising from an agreement, either express or implied, between the owner of the goods and the artisan who renders services for those goods." *Associates Financial Service Co. v. O'Dell*, 491 Pa. 1, 4, 417 A.2d 604 (1980). Apparently these liens may also arise through force of custom. *Firth & Foster Bros. v. Hamill*, 167 Pa. 382, 31 A. 676 (1895). The liens are valid only to the extent that one has added value to another's chattel through his labor, skill or materials. *O'Dell*, 491 Pa. at 4, 417 A.2d 604. Nonetheless, these liens are not greatly favored in the law:

> [O]ur conclusion [that there is no possessory lien] is consonant with the recognized importance of the free flow of credit to consumer and business transactions. "The commercial customs of today do not favor the tying up of personal property by liens; and, if the courts should now countenance any such general attitude

toward the credit system ..., business, as that term is presently understood, would soon come to a standstill." *Welded Tube Co. v. Phoenix Steel Corp.*, 512 F.2d 342, 345 (3rd Cir.1975), quoting *Mitchell v. Standard Repair Co.*, 275 Pa. 328, 332, 119 A. 410, 411 (1923); see R.E. Lee, *Power to Create Lien*, supra at 927.

*O'Dell*, 491 Pa. at 6, 417 A.2d 604. In Pennsylvania the common law lien under discussion cannot arise when the parties to a contract did not contemplate charges to the buyer for improvements in the personalty. *Younger v. Plunkett*, 395 F.Supp. 702, 709 (E.D.Pa.1975). We previously made the factual determination that the parties intended that the costs for repairing or maintaining the dies would not be charged directly to the bankrupt but would be included as part of overhead. Thus, we hold that Bowersox has no lien due to the authority of *Younger*.

■ The fourth issue facing us is whether the trustee may be awarded only turnover of the dies but not damages for consequential losses since the trustee has not formally requested damages in its complaint. Fed.R.Civ.P. 54(c), which is applicable in this proceeding through Bankruptcy Rule 7054, provides that "every judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." In light of Rule 54 we find Bowersox' fourth point of contention without merit.

The fifth question is the trustee's entitlement to turnover and we will summarily resolve it. Since Bowersox has no lien in the dies, it no longer has a colorable defense to the turnover, and we will accordingly enter an order granting that relief.

■ The last point for consideration is the measure of relief that should properly be afforded to the parties. On Perkasie's complaint against the trustee, liability is predicated on the trustee's failure to deliver the dies. Although no culpability is attributable to the trustee, the estate is nonetheless liable in damages as well as on

the demand for turnover since contract law provides for strict liability. Since Perkasie's business history in the field of casting parts for fluorescent fixtures began only with its purchase of the dies from the debtor, the amount of lost sales which Perkasie claims is purely speculative. The only substantiated claim for damages is the $10,855.00 Perkasie spent for a die, a duplicate of which was wrongfully withheld by Bowersox. On Perkasie's complaint we will enter judgment for it and against the estate for this amount and order the turnover of the dies. On the trustee's complaint against Bowersox we will correlatively enter judgment in favor of the trustee for $10,855.00 and likewise order turnover.