## In re PRESQUE ISLE APARTMENTS, L.P., Debtor.

**Bankruptcy No. 87–00064E.
Objections to Claims Motion No. 89–586.**

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 30, 1990.

See also, Bkrtcy., 118 B.R. 332.

Stephen H. Hutzelman, Erie, Pa., for debtor.

Richard Jankell, New York City, for Rosalind Cohen, Joseph Cohen, Stanford Klapper, Richard Jankell, Northwestern Nat. Ins. Co. of Milwaukee, Wisconsin and Edward S. Markman.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### Background

On May 12, 1989, Presque Isle Apartments, L.P. ("Debtor") filed objections to the unsecured claim ("Claim") of Richard Jankell ("Jankell"), asserting that the Debtor is entitled to a set-off against the Claim for Jankell's role in the prior management of the Debtor.

On June 28, 1990, this court ordered the Debtor to amend its pleadings to allege specific facts, which, if true, would support a finding of liability against Jankell. The Debtor filed the Amended Objection on July 31.

The Debtor asserts that the acts of the Debtor's general partner, First MSP Corporation ("MSP") in conducting the Debtor's affairs constitute gross negligence and/or willful misconduct. The Debtor further asserts that Jankell was personally involved in all of the acts of MSP and as such, he is liable to the Debtor notwithstanding the fact that he acted as an officer of MSP.

Jankell asserts that the Debtor's Amended Objections are barred by the Statute of Limitations and that the Debtor fails to state a claim upon which relief may be granted.

### Issues

1. Whether the Debtor's objections to Jankell's Claim are barred by the Statute of Limitations.

2. Whether the Debtor has alleged facts, which, if true, support a finding of liability against Jankell.

## Discussion

### Statute of Limitations

The case of *In re Herman Hassinger, Inc.*, 41 B.R. 787 (Bankr.E.D.Pa.1984) cited by Jankell for the proposition that the Debtor's Amended Objections are barred by the Statute of Limitations is inapposite. *Hassinger* did not involve an objection to claim, but rather a Complaint seeking affirmative relief which was barred by the applicable Statute of Limitations.

Bankruptcy Rule 3007 governs objections to claims. Rule 3007 provides no time limits for filing objections to claims. An objection against a claim in bankruptcy may be lodged at any time during the pendency of the case. *See e.g. Ford Motor Co. v. Transport Indemnity Co.*, 45 B.R. 843 (E.D.Mich.S.D.1984); *In re Tesmetges*, 87 B.R. 263, 269 (Bankr.E.D. N.Y.1988); *In re Fontainebleau Hotel Corp.*, 30 B.R. 98 (Bankr.E.D.Fla.1983).

Therefore, the Debtor's Amended Objection to Jankell's claim is not barred by a Statute of Limitations.

### Jankell's Liability

The Debtor asserts that the corporate general partner, MSP, committed defalcations and breaches of fiduciary duty which constitute gross negligence and/or willful conduct, and, further asserts that Jankell "was personally involved in all of the acts of the general partner and as such he is liable to the partnership [Debtor] notwithstanding the fact that he may have acted only as an officer of the corporate general partner."

Although a corporate veil is not easily pierced, if the Debtor is able to prove its allegations and that Jankell, while personally in charge of the Debtor's affairs, consciously intended to ignore his fiduciary duties with the knowledge that his breach would result in damage to the Debtor (gross negligence/willful misconduct), the Debtor may be entitled to a set-off against Jankell's claim and therefore, the Debtor

will be given an opportunity to present its case.

A scheduling order will be issued.