JUNGKUNZ et al., Appellants,

v.

FIFTH THIRD BANK, Appellee.

[Cite as *Jungkunz v. Fifth Third Bank* (1994), 99 Ohio App.3d 148.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930793.

Decided Nov. 30, 1994.

*Grady & Honerlaw Co., L.P.A., Michael J. Honerlaw* and *Joseph S. Honerlaw;* and *E. Hanlin Bavely,* for appellants.

*Mason, Slovin & Schilling Co., L.P.A., Jonathan A. Mason, Richard D. Schilling* and *Thomas H. Stanton,* for appellee.

HILDEBRANDT, Presiding Judge.

Plaintiffs-appellants, Robert L. and Joan M. Jungkunz, appeal from the summary judgment granted by the Hamilton County Court of Common Pleas in favor of defendant-appellee, Fifth Third Bank ("bank"). The trial court held that appellants' claims against the bank were barred by the doctrine of *res judicata.* We affirm the judgment of the trial court.

On June 2, 1993, appellants filed their amended complaint in which they alleged that on January 31, 1991, the bank unlawfully seized appellants' Individual Retirement Account ("IRA") in the amount of $76,396.45, and set it off against the amount owed by appellants to the bank under a loan agreement. Appellants further alleged that the bank's unlawful seizure of their IRA constituted a breach of its fiduciary duty to appellants, created an increase in their tax liability, and caused them to suffer severe emotional and mental distress.

The record reveals that on February 26, 1991, appellants indicated their intention to seek relief under Chapter 7 in the United States Bankruptcy Court for the Southern District of Ohio, Western Division. Appellants listed the bank as a secured creditor owed $200,000 as a result of notes executed between the bank and appellants from January 18, 1989 to May 15, 1990. Appellants claimed that this debt was liquidated, that it had been set off by their IRA, and that they did not have any contingent or unliquidated claims or counterclaims against the bank.

The bank filed a proof of claim with the bankruptcy court on March 19, 1991. The proof of claim indicated that the bank had seized appellants' IRA to set off appellants' debt. No objection to this proof of claim was filed by appellants.

On May 22, 1991, an order was entered by the bankruptcy court releasing appellants from all dischargeable debts. Thereafter, on July 18, 1991, appellants amended their bankruptcy schedules to include additional unsecured creditors. The trustee's final report was docketed in the bankruptcy court on March 11, 1993.

Subsequently, appellants filed a complaint in the trial court against the bank which sought the return of their IRA. The bank then filed a motion for summary judgment. The trial court granted the bank's motion and held that appellants' claims against the bank were barred by the doctrine of *res judicata* because they were or could have been raised during the proceedings in bankruptcy court.

On appeal, appellants contend, in a single assignment of error, that the trial court erred by granting the bank's motion for summary judgment. We find no error in the trial court's ruling.

The doctrine of *res judicata* is that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in that first lawsuit. *Rogers v. Whitehall* (1986), 25 Ohio St.3d 67, 25 OBR 89, 494 N.E.2d 1387. The doctrine of *res judicata* applies in a proper case as between federal court and state court judgments. *Id.*

The doctrine of *res judicata* also applies to proceedings in bankruptcy court. A bankruptcy plan confirmed by a bankruptcy court has the effect of a judgment rendered by a state or district court. "Any attempt by the parties [to the bankruptcy] to relitigate any of the matters that were raised or could have been raised [in the bankruptcy proceeding] is barred by the doctrine of *res judicata*." *In re Brady, Texas Mun. Gas Corp.* (C.A.5, 1991), 936 F.2d 212, 215, certiorari denied (1991), 502 U.S. 1013, 112 S.Ct. 657, 116 L.Ed.2d 748. A judgment in bankruptcy court bars a subsequent suit if (1) both cases involve the same parties; (2) the prior judgment was rendered by a court of competent jurisdiction; (3) the prior decision was a final judgment on the merits; and (4) the same cause of action is at issue in both cases. *Latham v. Wells Fargo Bank, N.A.* (C.A.5, 1990), 896 F.2d 979, 983.

The requisite elements to bar a subsequent suit following a judgment in bankruptcy court were discussed in *In re Baudoin* (C.A.5, 1993), 981 F.2d 736. There, the Chapter 7 debtors brought a lender liability action in state court against a creditor three years after the debt had been discharged in bankruptcy. The creditor then filed an action in federal court to enjoin the state court action and any attempted similar actions by the debtors. The Fifth Circuit Court of

Appeals held that because the lender liability claim would have been a "core proceeding" in the earlier bankruptcy proceeding, the state action was barred by the doctrine of *res judicata.*

Initially, we note that in this case, as in *Baudoin,* both the bankruptcy case and the state action involve the same parties. Therefore, the first element of *res judicata* as applied to claims following the resolution of a bankruptcy case has been established.

However, appellants argue that the bankruptcy court did not have jurisdiction to entertain their state claim for reimbursement of their IRA. Bankruptcy courts have full judicial authority over the bankruptcy petition itself and may "hear and determine * * * all core proceedings * * * and may enter appropriate orders and judgments" with regard to those proceedings. Section 157(b)(1), Title 28, U.S.Code. They also have the limited power to "hear a proceeding that is not a core proceeding [and] submit proposed findings of fact and conclusions of law to the district court" for *de novo* review. Section 157(c)(1), Title 28, U.S.Code. Basically, pursuant to Section 157, Title 28, U.S.Code, bankruptcy courts have jurisdiction over a matter if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Baudoin,* 981 F.2d at 740.

Section 157(b)(2) provides that core proceedings in a bankruptcy proceeding include the allowance or disallowance of claims against the estate and counterclaims by the estate against persons filing claims against the estate. Appellants' state-court claims are basically counterclaims against the bank and its proof of claim filed in bankruptcy court. The bank's proof of claim was based upon the loans it made to appellants and the setoff of appellants' debt by their IRA. Appellants' complaint in the trial court alleged violations of these very loan agreements by the seizure of their IRA. Appellants could have filed an objection to the bank's proof of claim, asserting a "counterclaim" which alleged that the IRA was improperly seized. An objection to a proof of claim which is basically a counterclaim is a core proceeding under Section 157(b)(2). *In re Baudoin,* 981 F.2d at 741.

Appellants claim that the bankruptcy court did not have jurisdiction over their state claim because appellants exempted "assets held in * * * any individual retirement account" from the bankruptcy estate. The property of the bankruptcy estate includes, among other things, all the legal and equitable interests of the debtor as of the commencement of the bankruptcy case. Section 541(a)(1), Title 11, U.S.Code. The debtor may remove such property from the bankruptcy estate and thereby place the property beyond the reach of creditors by claiming exemptions. Section 522(b), Title 11, U.S.Code. These exemptions

may be claimed to the extent that the debtor has equity in the property sought to be exempted. *In re Galvan* (Bankr.App.C.A.9, 1990), 110 B.R. 446.

■ At the time appellants filed their petition in bankruptcy court, they knew that the bank had seized their IRA and had set off their debt to the bank with the proceeds from the IRA. The bank then filed a proof of claim indicating that appellants' debt had been set off and that the bank was seeking to recover the balance of the debt. If appellants contested the bank's proof of claim regarding the seizure of their IRA and the setoff of their debt to the bank, and if appellants sought to recover the setoff and exempt their IRA from the bankruptcy estate, they could have raised their claim in bankruptcy court. See, generally, Section 522(h), Title 11, U.S.Code; *In re Fragapane* (N.D.Ohio 1989), 108 B.R. 585.

We hold that the bankruptcy court had jurisdiction to resolve the claims raised by appellants in this action. Specifically, the bankruptcy court had jurisdiction to decide objections filed to the bank's proof of claim with respect to the lawfulness of the seizure of appellants' IRA and the effect of appellants' claimed exemption from the bankruptcy estate of property previously seized.

■ With respect to the finality of the prior judgment, we note that bankruptcy court orders authorizing the sale of part of the estate or confirming such sale are final judgments on the merits for purposes of *res judicata*. *In re Baudoin*, 981 F.2d at 742. An order allowing a proof of claim is, likewise, a final judgment. *Id.*

Finally, we address whether the same cause of action is at issue in both the bankruptcy case and the state case. In their state action, appellants allege that the bank fraudulently seized their IRA as collateral on their loan. The promissory notes that form the basis of appellants' state claim are the same notes which were the basis of the bank's proof of claim in the prior bankruptcy. See *In re Baudoin*, 981 F.2d at 743. Because the two actions are based on the same operative facts, we hold that the same cause of action is at issue in both cases.

All the elements of *res judicata* having been met, we hold that the judgment in bankruptcy on appellants' bankruptcy petition bars the suit filed by appellants in the trial court. We, therefore, affirm the judgment of the trial court.

*Judgment affirmed.*

DOAN and GORMAN, JJ., concur.