In re Robert L. JUNGKUNZ and Joan M. Jungkunz, Debtors.

Bankruptcy No. 1–91–00810.

United States Bankruptcy Court, S.D.Ohio, Western Division.

Jan. 9, 1996.

E. Hanlin Bavely, Michael J. Honerlaw, Cincinnati, OH, for Debtors.

Richard D. Schilling, Cincinnati, OH, for Fifth Third Bank.

Mark A. Greenberger, Successor Trustee, Cincinnati, OH.

**DECISION and ORDER (1) ON DEBT-ORS' COMPREHENSIVE MOTION FILED OCTOBER 21, 1993, and (2) ON SUCCESSOR TRUSTEE'S MO-TION FOR RELIEF FROM JUDG-MENT**

BURTON PERLMAN, Bankruptcy Judge.

Now before the court are (1) a comprehensive motion by debtors for relief which is more fully described below, and (2) a motion by the Successor Trustee in this Chapter 7 case for relief from judgment, also more fully described hereafter. Because there are mat-

ters common to both motions, it is efficient to deal with both in this document.

This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b) and the General Order of Reference entered in this District. This is a core proceeding arising under 28 U.S.C. § 157(b)(2)(A), (B), (C), and (E).

The comprehensive motion filed by debtors is identified by debtors as directed at the following:

1. FOR ORDER OF THIS COURT SETTING ASIDE ANY PREVIOUS ORDER OF THIS COURT WHICH MAY BE DETERMINED TO "ALLOW" CLAIMS NO. 2 AND NO. 28 OF THE FIFTH THIRD BANK IN CONFORMITY WITH 11 U.S.C. § 502(j) [ALLOWANCE OF CLAIMS OR INTERESTS]; AND BANKRUPTCY RULE 3008 [RECONSIDERATION OF CLAIMS];

2. OBJECTION TO THE CLAIMS OF THE FIFTH THIRD BANK;

3. FURTHER RELIEF TO THE DEBTORS AS MAY BE APPROPRIATE UNDER FEDERAL CIVIL RULE 60(b) [RELIEF FROM JUDGMENT OR ORDER] AND BANKRUPTCY RULE 9024 [RELIEF FROM JUDGMENT OR ORDER].

The motion of the Successor Trustee is entitled "Successor Trustee's Motion for Relief from Judgment Relating to Payment of Costs of Administration, Etc." The motion of the Successor Trustee begins with:

1. This motion is made in conformity with Bankruptcy Rule 9024 (Relief from Judgment or Order); and Civil Rule 60(b)(6) (Relief from Judgment or Order); and 11 U.S.C. § 502(j) (Allowance of Claims or Interests) and relates to a request by the Successor Trustee for relief from an Order of this Court entered on June 25, 1993, and captioned: "Order Allowing Payment of Costs of Administration and Authorizing Distribution of Assets."

In controversy in both motions is debtors' right to a certain IRA account which was set off by Fifth Third Bank (hereafter "Bank") against a debt owed by debtors to the Bank, and any right to litigate rights thereto. The Bank opposes both motions. Debtors sought to litigate their rights to the IRA fund in the Common Pleas Court of Hamilton County, Ohio, and received an adverse ruling there on September 23, 1993. This gave rise to the comprehensive motion filed by debtors in this case on October 21, 1993. Consideration of that motion was deferred pending an appeal by debtors in the state court. The appellate court, 99 Ohio App.3d 148, 650 N.E.2d 134, affirmed the Common Pleas Court on November 30, 1994. By entry of April 12, 1995, the Supreme Court of Ohio declined further review.

These are the events, relative to both motions, which transpired in the bankruptcy court. The bankruptcy case was filed February 8, 1991. An interim trustee was appointed February 12, 1991, and a § 341 meeting was held March 12, 1991. The notice of the § 341 meeting sent to creditors included a statement that this appeared to be a no asset case so that the filing of proofs of claim was not necessary. If assets subsequently appeared, creditors would be informed so that they could file proofs of claim. Nevertheless, on March 19, 1991, the Bank filed a proof of claim. Attached were notes reciting certain collateral so that the claim was as an at least partially secured creditor. (Subsequently, on June 18, 1991, the Bank filed the identical claim a second time. The second proof of claim was disallowed by the court on November 13, 1992.) On May 16, 1991, the trustee gave notice that there were assets. Debtors received a discharge May 22, 1991. The trustee liquidated certain real estate of the estate, and reported thereon on December 6, 1991. On May 22, 1992, the trustee gave notice of intent to file his final report. Thereafter, on November 10, 1992, he filed numerous objections to claims, none, however, directed at the claim of the Bank. On October 4, 1993, the trustee filed his final account and application for discharge. The only order entered by the court in response thereto was Order for Payment of Fees, Expenses and Dividends From Estate, entered June 25, 1993. On April 25, 1994, Successor Trustee Greenberger was appointed.

Next, it is necessary to review proceedings in the state court. The action in the Court of

Common Pleas was brought by debtors as plaintiff, against the Fifth Third Bank as defendant on March 18, 1993. The Bank filed a motion for summary judgment on grounds that there had been a judgment in the bankruptcy court which should be given preclusive effect by the Common Pleas Court. That motion was granted by the Common Pleas Court by entry dated September 23, 1993, clarified by entry of October 4, 1993. In doing so, that court said:

> ... For a bankruptcy judgment to bar an action based on the doctrine of res judicata, (1) both cases must involve the same parties; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the prior judgment must have been a final judgment on the merits; and (4) both cases must involve the same cause of action. *Latham v. Wells Fargo Bank, N.A.*, (5th Cir.1990), 896 F.2d 979.

First, it is undisputed that the present claim involves the same parties as the bankruptcy proceeding. The plaintiff, Jungkunz, was the debtor in the bankruptcy proceedings and the defendant, Fifth Third Bank, was a creditor.

With respect to the second element of res judicata, whether the bankruptcy court acted within its jurisdiction, a bankruptcy court has jurisdiction over matters "related to" the bankruptcy and may finally decide matters arising under Title 11. This includes counterclaims by the estate against creditors. *Matter of Brady, supra; Bank of Lafayette, supra.* A response to a proof of claim is essentially a counterclaim and the bankruptcy court has jurisdiction to finally decide such a claim. *Bank of Lafayette, supra*, at 741. In the bankruptcy proceeding, Fifth Third filed a proof of claim which was allowed without any objection by the debtor, Jungkunz. Consequently, the bankruptcy court had jurisdiction to issue the prior judgment.

The third requirement is that there must be a final judgment on the merits. An order by a bankruptcy court allowing a proof of claim is a final judgment. *Id.* at 742.

The fourth requirement for res judicata to exist, as applicable here, is whether the present state claim involves the same "nucleus of operative facts" as the bankruptcy proceeding. *Id.* at 743; *Matter of Howe* (5th Cir.1990) 913 F.2d 1138. "A claim or defense which could have been, but was not, asserted is still the 'same claim' for purposes of res judicata." *Id.* Consequently, in *Lafayette*, the Fifth Circuit found barred by res judicata that the debtor's lender liability claim against the bank in which it asserted, while not disputing the underlying obligation, that the bank had breached its duty of good faith and had wrongfully attempted to collect on notes that were not due. The Court noted:

> "The issue is not what effect the present claim might have had on the earlier one, but whether the same facts are involved in both cases, so that the present claim could have been effectively litigated with the prior one. Here, the only remaining ground for the Baudoins' lender liability suit is breach of contract. The contracts at issue are the very loan agreements which were the basis of the Bank's proof of claim in the prior bankruptcy. It is difficult to imagine a more common nucleus of operative facts."

Here, the promissory notes underlying the plaintiff's state claim are the same notes addressed as a debt in the bankruptcy proceedings. Consequently, the fourth requirement is also met.

With all the elements of res judicata being met, the plaintiff's present claims of breach of contract and conversion in Counts 1 and 3 are barred.

The State Court of Appeals affirmed the Common Pleas Court saying, at 650 N.E.2d p. 137, "An order allowing a proof of claim is, likewise, a final judgment." At that point, the appellate court did not say what the final judgment in question was. Earlier in the opinion, at p. 135, the court correctly stated that an objection to a proof of claim could have been filed in the bankruptcy court by the debtor. In the next paragraph, the court said: "On May 22, 1991, an order was entered by the bankruptcy court releasing appellants from all dischargeable debts." The only construction possible from the opinion of

the court is that it construed the order discharging debtors from their debts as an order allowing claims.

■ The conclusions of both the Common Pleas Court and the Appellate Court are, in the view of this court, questionable. We cannot find a valid basis for a finding of res judicata. The first requirement of res judicata is that there must be an identity of parties in the prior litigation and in the present litigation. The state courts looked to a prior controversy in the bankruptcy court, the filing of a proof of claim, and objection thereto, as the predicate of its holding of res judicata. The bankruptcy case is a Chapter 7 case. The parties to a claim and objection thereto in such a case are the claimant and the *trustee.* 1B Bankruptcy Service L.Ed. § 6B:12; *In re Lapointe,* 39 B.R. 80 (Bankr. W.D.Ky.1984); *In re Umbles Drew–Hale Pharmacy,* 80 B.R. 421 (Bankr.N.D.Ohio 1987). The parties in the state court proceeding were debtors and the claimant, the Bank. Thus, there was no identity of parties as is required for a valid conclusion of res judicata.

■ Another requirement for a valid finding of res judicata is that there be a prior judgment adjudicating the same issues sought to be adjudicated in the subsequent litigation. Both the Common Pleas Court and the Court of Appeals made statements indicating that there was an order in the bankruptcy court allowing the claim of the Bank. There was no such order in this court.

■ Notwithstanding our view as expressed above, as the Bank in its present filings before us correctly observes, this court is not an appellate court with regard to the state courts. The judgments of the state court, even if incorrect, must be given res judicata effect in this court. A justification for this is that, after all, it was the debtors who chose to litigate in the state court. We have already honored the doctrine of res judicata by dismissing the complaint in the adversary proceeding which debtors filed in this court. That need not, however, be the end of the matter.

■ Earlier we stated that there is no order in this court allowing the proof of claim of the Bank. This case is still open. There is no time limit so long as a case remains open within which an objection to a proof of claim must be lodged. *In re Jephunneh Lawrence & Associates Chartered,* 63 B.R. 318 (Bankr.Dist.Col.1986); *In re Tesmetges,* 87 B.R. 263, 269 (Bankr.E.D.N.Y.1988); *In re Presque Isle Apartments,* 118 B.R. 331, 332 (Bankr.W.D.Pa.1990). Thus, there is no reason that an objection to the claim of the Bank cannot now be filed by the trustee, nor is there any bar to including with such objection a counterclaim. That counterclaim can raise the question of the rights of the parties to the IRA fund in question. It might be thought that because the fund has been claimed as exempt and no objection to such exemption has been filed, that the trustee has no interest in pursuing such a counterclaim. This cannot be a bar to raising the question because under the Bankruptcy Code assets, though determined to be exempt, are part of the bankruptcy estate and may only reach a debtor after first entering the estate. *In re Young,* 93 B.R. 590 (Bankr.S.D.Ohio 1988); *In re Nuttleman,* 117 B.R. 975 (Bankr.Neb.1990).

■ The thrust of the comprehensive motion of debtors is the seeking of a vacation of any order which might be construed as one allowing the claim of the Bank. Debtors appear to believe that if the court were to grant this relief, they would then be freed of the judgment of res judicata in the state court because a premise for that judgment would have been removed. This belief of debtors is illusory. This court will not compound the manifest error of the state courts which purported to find a prior judgment in this court where none exists as the basis for its holding. We are not about to vacate some undefined order. Even if we granted such relief, it could not avail debtors, for the state court judgment will not disappear. The comprehensive motion of debtors filed October 21, 1993, is therefore denied.

The relief which the Successor Trustee seeks has two parts. First, he seeks relief from Order for Payment of Fees, Expenses and Dividends from Estate entered June 25,

1993, so that he may make distribution of additional assets which have since then come into the estate. This relief is granted. The second part of the relief sought by the Successor Trustee seeks authority to "pass upon the timeliness and validity of creditors filing claims of lesser priority which was unnecessary in the previous distribution ... [and] if necessary, that the Successor Trustee will be allowed to object to such claims as the Successor Trustee may find are subject to proper objection for any reason." As we have indicated above, since this case has not been closed, the Successor Trustee already has this power. Therefore, we deny the relief sought by the Successor Trustee as superfluous.

So Ordered.