This case has sua sponte been removed from the accelerated calendar.
 DECISION.
In September 1997, lessee, plaintiff-appellant 1345 Main Partners, Ltd. (Main Partners), filed a complaint against the lessor, defendant-appellee Michael A. Collins, seeking a temporary and a permanent injunction,[1] a declaratory judgment, and damages for breach of a lease agreement. Specifically, the complaint alleged that Main Partners was forced to withhold its September rent because Collins had wrongly removed display lights and fixtures belonging to Main Partners from the front door of the leased property. The complaint further alleged that, in response to the termination of rent payments, Collins improvidently evicted Main Partners from the property. Main Partners sought quiet enjoyment of the property, including the immediate restoration of the light fixtures and lighting; an injunction preventing Collins from interfering with business on the property; and damages arising from Collins's business interference. In response, Collins filed an answer, counterclaim, and third-party complaint on October 2, 1997. In his counterclaim, Collins alleged that Main Partners had breached its obligations under the lease by refusing to pay rent, and that he had suffered damages as a direct and proximate result of that breach. In the third-party complaint, Collins maintained that third-party defendant Carl Perin was a general partner of Main Partners and that Perin was liable for Main Partners' obligations under the lease.
On October 21, 1998, Collins filed a motion for summary judgment against Main Partners, alleging that all of the issues in the case were wholly disposed of in the United States Bankruptcy Court. According to Collins, Main Partners had filed a Chapter 11 application in order to seek protection under the bankruptcy laws. Further, Collins alleged that the bankruptcy court had held a full trial on all of the issues between the parties, including those issues still pending in the state court. Main Partners filed a memorandum in opposition to the summary-judgment motion, alleging that the bankruptcy court had only addressed leasehold rights to the use of the property pending the Chapter 11 hearing, and that, although the bankruptcy court acknowledged that there were additional disputes between the parties, it did not address those issues. Main Partners attached an affidavit from Carl Perin to its memorandum. In that affidavit, Perin stated that the bankruptcy court did not address the issues still pending between the parties in the state-court action.
On November 20, 1998, the trial court, after reviewing the record (including the applicable law, the bankruptcy court decision, the parties' memoranda and properly filed affidavits), granted Collins's motion for summary judgment, ruling that:
 all issues in dispute in this litigation have been or should have been disposed of in the Bankruptcy Case. Therefore under the principle of res judicata, there are no remaining material issues of law or fact in dispute and Collins is entitled to judgment as a matter of law on all of the claims of Plaintiff.
In its sole assignment of error, Main Partners asserts that the trial court improperly granted summary judgment on the basis of res judicata. Essentially Main Partners argues that the bankruptcy court's decision did not dispose of any of the issues pending in the state-court action, because the only issue before the bankruptcy court was a determination of who actually retained rights to the use of the property after the eviction, while the issues before the trial court related to use and enjoyment of the property prior to the eviction and the Chapter 11 application. Based on the evidence presented in the record, we agree that summary judgment was improperly granted.
In Ohio, the doctrine of res judicata encompasses both claim preclusion and issue preclusion.[2] With regard to the claim-preclusion effect of res judicata, or estoppel by judgment, a final, valid judgment on the merits is conclusive as to all claims arising out of the transaction or occurrence that was the subject matter of the previous lawsuit.[3] Res judicata as it relates to claim preclusion is applicable to a bankruptcy proceeding in the following circumstances:
 (1) both cases involve the same parties, (2) the prior judgment was rendered by a court of competent jurisdiction, (3) the prior decision was a final judgement on the merits, and (4) the same cause of action is at issue in both cases.[4]
With regard to the issue-preclusion effect of res judicata, often referred to as collateral estoppel, relitigation of issues actually litigated in a prior suit between the same parties is precluded.[5] Collateral estoppel is a bar to relitigation of an issue if: (1) the issue is the same as the one previously and actually litigated by the parties in prior action; (2) resolution of the issue was essential to the previous judgment and passed upon and determined by a court of competent jurisdiction; and (3) there is mutuality between the parties.[6]
Preliminarily, we note that that our review of this case is severely limited by two factors. First, no evidence has been presented to demonstrate what claims were actually brought and argued before the bankruptcy court. Second, no evidence has been presented to demonstrate what has subsequently happened to Main Partners' Chapter 11 application. Without this information, it is difficult to ascertain exactly what claims were before the bankruptcy court and whether a final judgment was rendered relating to the Chapter 11 application.
With that in mind, we look to what is actually in the record. The record reflects that, after filing the Chapter 11 application, Collins filed a motion for summary judgment and Main Partners reciprocally filed a motion for "return to premises" in the bankruptcy court. After conducting hearings on the motions, the bankruptcy court granted Main Partners' motion to return to the leased premises provided that it cured all rent arrears and other applicable charges due under the lease, and it denied Collins's motion for summary judgment. In its decision, the bankruptcy court identified that its decision was limited to the motions raised by the parties when it stated:
 [t]he remaining issues involving the premises, including assumption of the lease, payment of rent arrears, and additional disputes between the parties shall be presented to the Court by motion of the parties. The parties are admonished, however, that they are likely to find the Court far less tolerant and more inclined to impose sanctions against them if the Court is called upon to resolve disputes concerning matters which are the subject of the lease agreement or any separate oral agreements the parties may have entered regarding the placement of exterior lighting, signage, or the like. [Footnote omitted.]
 Based on this record, it is evident that the issues raised by Main Partners in state court were not actually litigated in the previous bankruptcy proceeding; therefore, res judicata as it relates to issue preclusion is inapplicable here. Moreover, we are unconvinced that the bankruptcy court's decision constituted a final judgment. The decision only determined two limited motions raised by the parties subsequent to the Chapter 11 hearing, and it did not finally determine the Chapter 11 application or any state claims. Accordingly, we hold that the doctrine of res judicata as it relates to claim and issue preclusion does not bar the state court's consideration of Main Partners' claims. Because the trial court erroneously granted summary judgment on the basis of res judicata, we reverse the judgment of the trial court and remand the cause for further proceedings.
 Judgment reversed and cause remanded.
 Gorman, P.J., Painter and Sundermann, JJ.
 Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[1] The temporary restraining order was denied by the trial court on September 12, 1997.
[2] See Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 381,653 N.E.2d 226, 228.
[3] See id. at 382, 653 N.E.2d at 229.
[4] Bollinger, Inc. v. Mayerson (1996), 116 Ohio App.3d 702,709, 689 N.E.2d 62, 67. See, also, Jungkunz v. Fifth Third Bank
(1994), 99 Ohio App.3d 148, 151, 650 N.E.2d 134, 136.
[5] See Krahn v. Kinney (1989), 43 Ohio St.3d 103, 107,538 N.E.2d 1058, 1062.
[6] See New Winchester Gardens, Ltd. v. Franklin Cty. Bd. ofRevision (1997), 80 Ohio St.3d 36, 41, 684 N.E.2d 312, 316;Bollinger, Inc. v. Mayerson, supra, at 710, 689 N.E.2d at 67.