7 P.3d 822 (2000)
PUGET SOUND NATIONAL BANK, a national banking corporation, Respondent,
v.
Fred A. FERGUSON and Jane Doe Ferguson, husband and wife, Appellants.
Fred A. Ferguson, d/b/a Yelm Processing Company, and William Beecher, as Trustee for the Bankruptcy Estate of Frederick A. Ferguson, Third-Party Plaintiffs,
v.
Puget Sound National Bank, a national banking corporation, and Key Bank of Washington, its successor-in interest, Third-Party Defendants.
No. 24413-6-II.
Court of Appeals of Washington, Division 2.
August 4, 2000.
Publication Ordered and Amended September 8, 2000.
*823 Donald Louis Anderson, Eisenhower & Carlson, Tacoma, for Appellants.
Charles Matthew Anderson, Winston & Cashatt, Spokane, for Respondent.
MORGAN, J.
Fred A. Ferguson appeals the summary dismissal of his lender-liability claims against Puget Sound National Bank. We affirm.
Between September 1989 and January 1991, Ferguson borrowed $260,000 from Puget Sound National Bank. He executed two promissory notes secured by deeds of trust on real property and security interests in personal property. He did not pay as agreed, and in December 1991 the bank sued him in Thurston County Superior Court.[1]
In February 1992, Ferguson filed a voluntary Chapter 7 petition in the United States Bankruptcy Court. Although he listed as debts the bank's claims against him, he did not list as assets the lender-liability claims that he presently brings against the bank. The bankruptcy trustee determined that the case was a "no asset Chapter 7 proceeding" and "instruct[ed] the creditors that no proof of claim [was] to be filed."[2] The bankruptcy court discharged the listed debts and closed the case in late June 1992.
Two years later, in February 1994, Ferguson moved the bankruptcy court to reopen the bankruptcy case. He said that he wanted to pursue lender-liability claims against the bank, and that the proceeds of such claims should be administered by the bankruptcy trustee.[3] The bankruptcy court granted his motion.
In March 1994, Ferguson filed an answer in the dormant Thurston County action. He included lender-liability counterclaims for breach of contract, misrepresentation, promissory estoppel, negligent supervision and emotional distress. He did not join the bankruptcy trustee as a party.
Four and a half years elapsed. Then, in August 1998, Ferguson moved the Thurston County Superior Court to join the bankruptcy trustee as a party. A month after that, the bank moved the superior court for a summary judgment of dismissal. It asserted that Ferguson was subject to res judicata or judicial estoppel because, in the bankruptcy court, he had discharged the bank's claims against him without listing or otherwise disclosing his claims against the bank. In October 1998, the superior court granted both motions.
In December 1998, the bankruptcy trustee moved the bankruptcy court for leave to abandon all interest in Ferguson's claims against the bank. In January 1999, the bankruptcy court granted the motion and authorized the trustee "to abandon the lawsuit against [the bank] ... as burdensome or of inconsequential value."[4]
*824 In February 1999, the superior court formally dismissed Ferguson's claims with prejudice. In March 1999, Ferguson and the bankruptcy trustee filed a notice of appeal to this court. The notice states, "Fred A. Ferguson... and William Beecher as Trustee for the bankruptcy estate of Frederick A. Ferguson ... seeks [sic] review ... of the Order Granting Plaintiff's Motion for Summary Judgment[.]"[5]
At the outset, we do not understand how a bankruptcy trustee can appeal a lawsuit after abandoning all interest in it.[6] Accordingly, we view Ferguson as the only proper appellant.
The issue Ferguson raises is whether a person is estopped from bringing a lender-liability claim because, in an earlier bankruptcy proceeding, he discharged or otherwise altered[7] the lender's claims against him while failing to list or otherwise disclose his own claims against the lender, even though the lender's claims and his claims all arise out of the same transaction.
According to the bank, every court that has faced the issue has found an estoppel of some kindres judicata[8] (which is sometimes called "direct estoppel" or "estoppel by judgment"[9]); judicial estoppel;[10] equitable *825 estoppel;[11] "quasi-estoppel";[12] or estoppel of an unspecified nature.[13] As one court summarizes, "Because of the Bankruptcy Code requirements to disclose the whole spectrum of a petitioner's financial affairs, `courts that have considered the effect of a debtor's failure to disclose a potential lender-liability lawsuit in a bankruptcy proceeding have universally held that the debtor is equitably estopped, judicially estopped, or barred by res judicata[.]'"[14] Ferguson does not cite to any cases that take his position, and we have found none ourselves.[15] We conclude that the bank's authorities are persuasive; that Ferguson is estopped from bringing his present claims; and that the trial court did not err by ruling as it did.
Affirmed.
BRIDGEWATER, J. and HUNT, A.C.J., concur.
NOTES
[1] The bank filed two actions which, for convenience, we will refer to as one.
[2] Clerk's Papers at 463.
[3] Ferguson did not allege that he had recently discovered the facts needed to support the claim, although he did allege that he had recently discovered the applicable law.
[4] Clerk's Papers at 848.
[5] Clerk's Papers at 856.
[6] RAP 3.1 ("Only an aggrieved party may seek review by the appellate court.").
[7] Ferguson argues at length that there is a material difference between altering a claim under Chapter 11 of the Bankruptcy Code and discharging it completely under Chapter 7 of the Bankruptcy Code. We fail to perceive that difference. Under either chapter, the bankruptcy debtor has a duty to list his or her claims as assets. 11 U.S.C. § 521(1); see Youngblood Group v. Lufkin Fed. Sav. & Loan Ass'n., 932 F.Supp. 859, 867 (E.D.Tex.1996).
[8] E.g., In re Baudoin, 981 F.2d 736, 737, 744, (5th Cir.1993) ("At issue is whether Chapter 7 debtors may, three years after discharge, bring a lender liability action in state court against their creditor"; "state action is barred by res judicata"); In re Heritage Hotel Partnership I, 160 B.R. 374, 376, 378 (9th Cir.BAP 1993) ("We hold that the order confirming [the debtor's] plan of reorganization is a final order which is res judicata and bars the subsequent assertion by the [debtor-plaintiffs] of lender liability claims which arose under prepetition acts."); Sanders Confectionery Prods., Inc. v. Heller Financial, Inc., 973 F.2d 474, 485 (6th Cir.1992) (lender liability claims "should have been brought during the bankruptcy proceeding and res judicata prevents them from being raised now"), cert. denied, 506 U.S. 1079, 113 S.Ct. 1046, 122 L.Ed.2d 355 (1993); Sure-Snap Corp. v. State Street Bank & Trust Co., 948 F.2d 869, 877 (2d Cir.1991) ("We rule today, that in the context of lender liability claims that could have been brought before a final plan for reorganization was confirmed, but weren't, the prior bankruptcy order was res judicata to the later action."); In re Howe, 913 F.2d 1138, 1140 (5th Cir.1990) (appellate court affirmed bankruptcy court's "holding that, under the principles of res judicata, the confirmation order barred the debtors' claims"); Southmark Properties v. Charles House Corp., 742 F.2d 862, 869 (5th Cir.1984) (bankruptcy orders under former Chapter 10 "are res judicata as to [lender liability] claims asserted by appellants"); Jungkunz v. Fifth Third Bank, 99 Ohio App.3d 148, 650 N.E.2d 134, 137 (1994) ("All the elements of res judicata having been met, we hold that the judgment in bankruptcy on appellants' bankruptcy petition bars the suit filed ... in the trial court."); see Siegel v. Federal Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir.1998).
[9] 46 AM.JUR.2D Judgments § 517; 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE, § 4402; Philip A. Trautman, 60 Wn. L.Rev. at 805.
[10] Oneida Motor Freight, Inc. v. United Jersey Bank, 848 F.2d 414, 419 (3rd Cir.) ("Oneida's failure to list its claim against the bank worked in opposition to preservation of the integrity of the system which the doctrine of judicial estoppel seeks to protect"), cert. denied, 488 U.S. 967, 109 S.Ct. 495, 102 L.Ed.2d 532 (1988); Payless Wholesale Distribs., Inc. v. Alberto Culver, Inc., 989 F.2d 570, 571 (1st Cir.1993) ("Payless, having obtained judicial relief on the representation that no claims existed, can not now ... obtain relief on the opposite basis[;] ... [this] is an unacceptable abuse of judicial proceedings"); Luna v. Dominion Bank, Inc., 631 So.2d 917, 919 (Ala.1993) ("The doctrine of judicial estoppel applies, where a debtor in bankruptcy proceedings fails to disclose any claim that may be presented in a nonbankruptcy contest, to estop the debtor from presenting the claim.") (citing Oneida, 848 F.2d 414). See also Sprague v. Sysco Corp., 97 Wash.App. 169, 180 n. 4, 982 P.2d 1202 (1999) (noting but declining to apply judicial estoppel), review denied, 140 Wash.2d 1004, 999 P.2d 1262 (2000).
[11] Oneida, 848 F.2d at 417 ("The result of a failure to disclose such claims triggers application of the doctrine of equitable estoppel, operating against a subsequent attempt to prosecute the actions."); Heritage Hotel, 160 B.R. at 379 ("We hold that the failure to disclose any potential lender liability claims ... during the pendency of the bankruptcy case equitably estops [the debtor] from subsequently asserting such claims.").
[12] Wright v. State, 824 P.2d 718, 721 (Alaska 1992) ("[Q]uasi estoppel was properly applied because Wright's lawsuit is not consistent with his bankruptcy position.").
[13] Hay v. First Interstate Bank, 978 F.2d 555, 557 (9th Cir.1992) ("Failure to give the required notice estops [the bankruptcy debtor/lender-liability claimant]."); Conrad v. Bank of America, 45 Cal. App.4th 133, 53 Cal.Rptr.2d 336, 348 (1996) ("[W]hile the issue-preclusion terminology that is employed is variable, it appears to be a universal rule that the failure to disclose the potential lender liability claim in a bankruptcy action precludes subsequent prosecution of such action.") (citing and following Oneida, 848 F.2d 414).
[14] Billmeyer v. Plaza Bank of Commerce, 42 Cal. App.4th 1086, 50 Cal.Rptr.2d 119, 121 (1995) (citation omitted).
[15] According to Ferguson, his position is supported by Heritage Hotel Partnership I, 160 B.R. 374 (9th Cir.BAP 1993). Heritage Hotel held that after confirmation of a reorganization plan, a Chapter 11 debtor was precluded by res judicata and equitable estoppel from asserting a lender liability claim. Heritage Hotel did not address the question whether, after discharge, a Chapter 7 debtor is precluded from asserting a lender liability claim. Nothing in Heritage Hotel supports Ferguson's position here.

According to Ferguson, his position is supported by National Westminster Bank, U.S.A. v. Ross, 130 B.R. 656 (S.D.N.Y.1991). National Westminster Bank held that so-called "lift-stay" litigation does not have preclusive effect. As we neither consider nor rely on that proposition, National Westminster Bank is immaterial here.